[Cite as *State v. Lester*, 2013-Ohio-2485.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
VINTON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 12CA689 |
| | : | |
| Plaintiff-Appellee, | : | DECISION AND |
| | : | JUDGMENT ENTRY |
| v. | : | |
| | : | |
| JURLUS R. LESTER, | : | **RELEASED 6/12/13** |
| | : | |
| Defendant-Appellant. | : | |

_____

APPEARANCES:[1]

Benjamin E. Fickel, Logan, Ohio, for appellant.
_____

Harsha, J.

{¶1}   Following his guilty pleas, Jurlus Lester appeals his convictions for theft and breaking and entering.  His appointed counsel advised us that he reviewed the record and can discern no meritorious claims for appeal.  Counsel moved to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).  After independently reviewing the record, we agree with counsel's assessment.  We find this appeal wholly frivolous, grant the request to withdraw, and affirm the judgment below.

I.  Facts

{¶2}   A Vinton County grand jury indicted Lester on one count each of breaking and entering, theft, and criminal damaging.  He pleaded guilty to breaking and entering and theft, both fifth-degree felonies, and the court dismissed the remaining charge.  During the sentencing hearing, Lester made an oral motion to withdraw his guilty pleas.  The court denied the motion and sentenced him.  This appeal followed.

II.  Potential Assignment of Error

_____

[1] The State of Ohio has not entered an appearance or otherwise participated in this appeal.

**{¶3}**     In *Anders,* the United States Supreme Court held that if counsel determines after a conscientious examination of the record that the case is wholly frivolous, counsel should so advise the court and request permission to withdraw. Counsel must accompany the request with a brief identifying anything in the record that could arguably support the appeal.  *Anders* at 744.  The client should be furnished with a copy of the brief and given time to raise any matters the client chooses.  *Id.*  Once these requirements are met, we must fully examine the proceedings below to determine if an arguably meritorious issue exists.  *Id.*  If so, we must appoint new counsel and decide the merits of the appeal.  *Id.*  If we find the appeal frivolous, we may grant the request to withdraw and dismiss the appeal without violating federal constitutional requirements or may proceed to a decision on the merits if state law so requires.  *Id.*

**{¶4}**     Here, appointed counsel satisfied the requirements set forth in *Anders.* Lester has not filed a pro se brief.  Thus, we will examine appointed counsel's potential assignment of error and the entire record to determine if this appeal is wholly frivolous. Appointed counsel proposes the following potential assignment of error:

I.     Appellant may assert, as an assignment of error, that the trial court abused its discretion when it denied his pre-sentencing motion to withdraw his guilty plea.  * * *

### III.  Motion to Withdraw Guilty Pleas

**{¶5}**     Appointed counsel suggests the court might have erred when it denied Lester's oral presentence motion to withdraw his guilty pleas.  Crim.R. 32.1 states:  "A motion to withdraw a plea of guilty or no contest may be made only before sentence is imposed; but to correct manifest injustice the court after sentence may set aside the judgment of conviction and permit the defendant to withdraw his or her plea."  " '[A]

presentence motion to withdraw a guilty plea should be freely and liberally granted.' " *State v. Ketterer,* 126 Ohio St.3d 448, 2010-Ohio-3831, 935 N.E.2d 9, ¶ 57, quoting *State v. Xie,* 62 Ohio St.3d 521, 527, 584 N.E.2d 715 (1992). However, "[a] defendant does not have an absolute right to withdraw a guilty plea prior to sentencing. A trial court must conduct a hearing to determine whether there is a reasonable and legitimate basis for the withdrawal of the plea." *Xie* at paragraph one of the syllabus.

**{¶6}** A trial court possesses discretion to grant or deny a presentence motion to withdraw a plea, and we will not reverse the court's decision absent an abuse of that discretion. *See id.* at paragraph two of the syllabus and at 527. The phrase "abuse of discretion" implies the court's attitude is unreasonable, unconscionable, or arbitrary. *State v. Adams,* 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980).

**{¶7}** We have set previously forth factors we consider in determining whether a court abused its discretion by denying a presentence motion to withdraw a plea. *State v. Campbell,* 4th Dist. No. 08CA31, 2009-Ohio-4992, ¶ 7. However, we need not analyze them because the only reason Lester's attorney gave for the motion was his client "now desires to go to trial with a jury." A change of heart is not a reasonable basis requiring a trial court to permit the defendant to withdraw the plea. *Id.,* citing *State v. Lambros,* 44 Ohio App.3d 102, 103, 541 N.E.2d 632 (8th Dist.1988). Thus, the court did not abuse its discretion when it denied the motion, and the potential assignment of error lacks merit. And having independently discovered no meritorious issues for appeal, we find this appeal wholly frivolous, grant counsel's motion to withdraw, and affirm the judgment below.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Vinton County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, P.J., & Hoover, J.:  Concur in Judgment and Opinion.


For the Court


BY: _____
    William H. Harsha, Judge


### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**