[Cite as *State v. Tolliver*, 2013-Ohio-3861.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ATHENS COUNTY

STATE OF OHIO,                          :          Case No. 12CA36

      Plaintiff-Appellee,           :

                    :          DECISION AND
      v.                             :          JUDGMENT ENTRY

MICHAEL TOLLIVER,                       :

                    :          **RELEASED: 09/05/2013**

      Defendant-Appellant.         :
_____

APPEARANCES:

David J. Winkelmann, Millfield, Ohio, for appellant.

Keller J. Blackburn, Athens County Prosecutor, and Merry M. Saunders, Athens County Assistant Prosecutor, Athens, Ohio, for appellee.
_____
Harsha, J.

{¶1} In 2009, Michael Tolliver pleaded no contest to third-degree felony burglary, the trial court found him guilty, and placed him on community control. In 2012, the court found he violated conditions of that sanction, revoked it, and imposed a five-year prison term. On appeal, Tolliver contends his sentence is clearly and convincingly contrary to law because it exceeds the 36 month maximum allowable prison term under R.C. 2929.14(A). Essentially, he contends that the 2011 amendments to that statute apply in this case.

{¶2} H.B. 86 provides that the 2011 amendments to R.C. 2929.14(A) apply to a person to whom R.C. 1.58(B) makes them applicable. Tolliver is such a person. The amendments reduced the punishment for his offense, i.e., the maximum prison term changed from five years to 36 months. And contrary to what the State suggests, that punishment was not "already imposed" by the time the court sentenced him in 2012.

When the court originally sentenced Tolliver in 2009, it did not actually impose a prison term but notified Tolliver of the possibility that a violation of community control could result in a stated prison term. Because Tolliver's five year prison term exceeds the amended statutory maximum, it is clearly and convincingly contrary to law. Accordingly, we reverse the trial court's judgment and remand for resentencing.

I. Facts

{¶3} In 2008, the Athens County grand jury indicted Tolliver on one count of second-degree felony burglary. He agreed to plead no contest to a reduced charge of third-degree felony burglary, and the State agreed to recommend community control. After Tolliver entered his plea, the court found him guilty and sentenced him to five years of community control. In the June 2009 sentencing entry, the court notified Tolliver that "[v]iolation of any of this sentence shall lead to a longer term under the same sanction, a more restrictive sanction, or a prison commitment of five (5) years."

{¶4} In December 2011, the State filed a notice of violation of community control alleging Tolliver violated conditions of community control because in March 2011 he possessed Oxycodone, and in October 2011, he was indicted for aggravated possession of drugs. The State also alleged he owed court costs. In April 2012, the Stated filed a supplemental notice of violation of community control alleging Tolliver had been charged in a municipal court case with tampering with evidence, grand theft of a motor vehicle, and obstructing justice.

{¶5} The court conducted a "First Stage" hearing to determine whether probable cause existed for the alleged violations. It appears that before this hearing occurred, the charges referenced in the supplemental notice may have been dismissed

in municipal court, but Tolliver was indicted for grand theft of a motor vehicle in a common pleas court case. At the First Stage hearing, the State presented evidence concerning its Oxycodone and grand theft allegations. The State did not present evidence about the court costs allegation. At the conclusion of the hearing, the court orally found probable cause for the "charges emanating from Agent Guinther's search * * *," i.e., the Oxycodone allegation. However, the court "decline[d] to make a finding on the other count," i.e., the grand theft allegation.

{¶6}   After the court conducted a "Second Stage" hearing, it issued a judgment entry in October 2012 which states that Tolliver stipulated to violating the terms and conditions of his community control as stated in the December 2011 and April 2012 notices of violation. The court also stated that it "found probable cause for the same." On appeal, neither party challenges the inconsistencies between these statements and what occurred at the First and Second Stage hearings. In the October 2012 entry, the trial court also terminated community control and ordered Tolliver to "serve the remainder of his previously suspended five (5) year sentence."

## II.  Assignment of Error

{¶7}   Tolliver assigns one error for our review:

The Trial Court Erred in Imposing a Five Year Sentence in Light of
Changes in the Sentencing Statute That Occurred After Tolliver's
Conviction.

## III.  Sentencing

{¶8}   In his sole assignment of error, Tolliver challenges his five-year prison sentence. Generally, when reviewing felony sentences we apply the two-step analysis announced by the Supreme Court of Ohio in *State v. Kalish*, 120 Ohio St.3d 23, 2008-

Ohio-4912, 896 N.E.2d 124.  First, we "must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law." *Kalish* at ¶ 4.  If the sentence is not clearly and convincingly contrary to law, we must review the trial court's decision for an abuse-of-discretion.  *Id.*

{¶9}    Tolliver contends the trial court erred when it imposed a five year sentence in light of changes that occurred in R.C. 2929.14(A) after his 2009 conviction.  In essence he contends his sentence is clearly and convincingly contrary to law.  At the time the court sentenced him to community control, R.C. 2929.14(A) provided that the maximum prison term for a third-degree felony was five years.  In 2011, H.B. 86 changed the maximum term for most third-degree felonies to 36 months.  R.C. 2929.14(A)(3)(b).  Some third-degree felonies have a greater maximum under certain circumstances, but the State implicitly concedes those circumstances do not exist here.

{¶10}  Section 4 of H.B. 86 provides that "[t]he amendments to * * * division (A) of section 2929.14 of the Revised Code that are made in this act apply to a person who commits an offense specified or penalized under those sections on or after the effective date of this section and to a person to whom division (B) of section 1.58 of the Revised Code makes the amendments applicable."  R.C. 1.58(B) states: "If the penalty, forfeiture, or punishment for any offense is reduced by a reenactment or amendment of a statute, the penalty, forfeiture, or punishment, if not already imposed, shall be imposed according to the statute as amended."

{¶11}  Here, there is no dispute that Tolliver committed his offense prior to the effective date of amended R.C. 2929.14(A).  However, it is clear that the amendments

to R.C. 2929.14(A) reduced the punishment for Tolliver's offense by changing the maximum allowable prison term to 36 months instead of five years. Moreover, contrary to the State's argument, Tolliver's prison sentence was not "already imposed" in June 2009. At that time, the court imposed a sentence of community control and simply notified Tolliver of the possibility that a violation of his community control sentence could lead to a stated prison term. *See* R.C. 2929.15(B)(1); *State v. Marshall*, 6th Dist. Erie No. E-12-022, 2013-Ohio-1481, ¶ 8-12 (finding that a prison term applicable only upon a defendant's violation of community control is not actually imposed until community control is revoked). *See generally State v. Vlad*, 153 Ohio App.3d 74, 2003-Ohio-2930, 790 N.E.2d 1246, ¶ 16 (7th Dist.) (explaining that "[w]hen a court imposes community control sanctions, the sanctions are directly imposed on the defendant and do not follow as a consequence of a suspended prison sentence. R.C. 2929.15(A). Since 1996, trial courts need to decide which sentence is most appropriate – prison or community control sanctions – and impose whichever option is deemed to be necessary.").

{¶12} The State argues the doctrine of res judicata precludes Tolliver's complaints about his prison term. If a party fails to timely appeal a final order, matters that could have been reviewed on appeal become res judicata and cannot be reviewed in related or subsequent proceedings or appeals. *Parker v. Jamison*, 4th Dist. Scioto No. 02CA2857, 2003-Ohio-7295, ¶ 10. Generally, the applicability of res judicata is a question of law, which an appellate court reviews de novo. *Beneficial Ohio, Inc. v. Parish*, 4th Dist. Ross No. 11CA3210, 2012-Ohio-1146, ¶ 11.

{¶13} The State attempts to analogize this case to our recent decision in *State v. Allbaugh*, 4th Dist. Athens No. 12CA23, 2013-Ohio-2031. There, the appellant pleaded

guilty to three offenses.  Originally, the court sentenced him to five years of community control for the first count.  The court found the second and third counts merged and sentenced him to "two years of community control on the merged * * * charges * * *." *Allbaugh* at ¶ 4.  Subsequently, the court found the appellant violated the terms of community control and imposed prison sentences for his crimes.  We rejected the appellant's contention that the court should have merged the first count with the second and third.  We explained that under the original sentence, the appellant received separate sentences for the first count and the merged second and third counts.  At that time, he "could have filed a direct appeal challenging the trial court's failure to merge the alleged allied offenses." *Id.* at ¶ 18.  And because he failed to file a direct appeal on this issue, the appellant was "now barred under the doctrine of res judicata from raising the issue on appeal of his community control violation sentence." *Id.*

{¶14}  We find *Allbaugh* distinguishable from the present case.  Obviously, Tolliver could not argue on a direct appeal from his original sentence in 2009 that a statutory amendment that did not yet exist applied to him.  Moreover, as we already explained, the trial court in this case did not actually impose a prison term in 2009. "[A]ppeals challenging potential periods of incarceration for violation of community control sanctions are not ripe until an actual sentencing order imposes a prison term for the violation of community control sanctions." *State v. Wilis*, 5th Dist. Fairfield No. 05CA42, 2005-Ohio-6947, ¶ 20.  Therefore, we reject the State's res judicata argument.

{¶15}  The State argues that Tolliver cannot challenge the length of his prison term because he entered into a negotiated plea agreement.  However, Tolliver never agreed to a five year prison term.  Instead, he pleaded no contest in part for the State's

recommendation of community control.  Moreover, the State cites no authority that stands for the proposition that by entering into a plea agreement, the defendant gives up his rights under R.C. 1.58(B).

{¶16}  The State also argues that giving Tolliver the benefit of the reduced maximum prison term in amended R.C. 2929.14(A) would violate the victim's rights in this case.  The State claims "the victim was notified – and told – that [Tolliver] would receive an underlying sentence of five years in prison, should he violate the terms of his community control."  (Appellee's Br. 5).  However, if this is true, the victim was obviously misinformed.  The trial court had no obligation to impose a prison term at all if Tolliver violated the terms of community control.  Moreover, we know of no authority that would permit a trial court to impose a sentence that is clearly and convincingly contrary to law simply because the victim was misinformed about the law.

{¶17}  Because R.C. 1.58(B) makes the 2011 amendments to R.C. 2929.14(A) applicable to Tolliver, the maximum allowable prison sentence for him is 36 months.  If a trial court's sentence is "outside the permissible statutory range, the sentence is clearly and convincingly contrary to law, and the appellate court's review is at an end.  The sentence cannot stand."  *Kalish,* 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, at ¶ 15.  And because Tolliver's five-year sentence clearly exceeds the amended statutory maximum, it is clearly and convincingly contrary to law.  Accordingly, we reverse the trial court's judgment and remand for resentencing.

JUDGMENT REVERSED AND
CAUSE REMANDED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS REVERSED and that the CAUSE IS REMANDED.  Appellee shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Athens County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, P.J. & Hoover, J.:  Concur in Judgment and Opinion.

For the Court

BY: _____
    William H. Harsha, Judge

## **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**