[Cite as *State v. Gibbs*, 2013-Ohio-4252.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

STATE OF OHIO,                                    :

    Plaintiff-Appellee,                     :
                              Case No. 13CA11

    vs.                                          :

                                  DECISION AND
JUSTIN T. GIBBS, JR.,[1]                          :   JUDGMENT ENTRY

    Defendant-Appellant.                    :   RELEASED 09/25/2013

_____

APPEARANCES:[2]

Steven H. Eckstein, Washington Court House, Ohio, for Appellant.

_____

Hoover, J.

{¶ 1}  Justin T. Gibbs (hereinafter "Gibbs") appeals from the sentencing entry of the Washington County Common Pleas Court.  After pleading guilty to one count of theft, Gibbs was sentenced to 11 months in prison.  Gibbs' appellate counsel has advised us that he has reviewed the record and can discern no meritorious claims on appeal.  Appellate counsel has thus moved to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).  After independently reviewing the record, we agree a meritorious claim does not exist for appeal.  Accordingly, we find this appeal wholly frivolous, grant the request to withdraw, and affirm the judgment of the trial court.

{¶ 2}  A Washington County grand jury indicted Gibbs on one count of theft, a fifth degree felony in violation of R.C. 2913.02(A)(1), and one count of misuse of credit cards, a first

_____

[1] On March 29, 2013, the trial court filed an amended sentencing entry for the sole purpose of correcting appellant's name.  On April 3, 2013, appellant filed an amended notice of appeal noting that the original sentencing entry erroneously included a "Jr." after his name.  However, it is this Court's practice to use the same case caption as used by the trial court in the entry being appealed, even if it is erroneous.
[2] The State of Ohio has not entered an appearance or otherwise participated in this appeal.

degree misdemeanor in violation of R.C. 2913.21(B)(2). Gibbs initially entered a plea of not guilty to both counts. Gibbs subsequently entered into a plea agreement with the State of Ohio, wherein he agreed to change his plea to guilty as to the theft charge. In exchange for the guilty plea, the State agreed to dismiss the misuse of credit cards charge and to recommend a sentence of community control. The trial court dismissed the remaining charge, but Gibbs was sentenced to 11 months in prison on the theft charge. Gibbs was subsequently released on bond.

{¶ 3} Although Gibbs has appealed his conviction and sentence, his appellate counsel has filed both a motion to withdraw and an *Anders* brief.

> In *Anders*, the United States Supreme Court held that if counsel determines after a conscientious examination of the record that the case is wholly frivolous, counsel should so advise the court and request permission to withdraw. Counsel must accompany the request with a brief identifying anything in the record that could arguably support the appeal. [*Anders*, 386 U.S. at 744, 87 S.Ct. 1396, 18 L.Ed.2d 493]. The client should be furnished with a copy of the brief and given time to raise any matters the client chooses. *Id*. Once these requirements are met, we must fully examine the proceedings below to determine if an arguably meritorious issue exists. *Id*. If so, we must appoint new counsel and decide the merits of the appeal. *Id*. If we find the appeal frivolous, we may grant the request to withdraw and dismiss the appeal without violating federal constitutional requirements or may proceed to a decision on the merits if state law so requires. *Id*.

*State v. Lester*, 4th Dist. Vinton No. 12CA689, 2013-Ohio-2485, ¶ 3.

{¶ 4}  In the case sub judice, Gibbs' counsel has satisfied the requirements of *Anders*. While Gibbs has not filed a pro se brief, his appellate counsel has identified the following potential assignment of error:

> THE RECORD FAILS TO SUPPORT THE IMPOSITION OF AN ELEVEN MONTH SENTENCE FOR THE FELONY OF THE FIFTH DEGREE.

Thus, we will examine appellate counsel's potential assignment of error and the entire record to determine if an arguably meritorious issue exists or if this appeal is wholly frivolous.

{¶ 5}  Appellate counsel asserts that the trial court possibly erred when it sentenced Gibbs to 11 months in prison on the fifth degree felony charge of theft.  Instead, Gibbs' appellate counsel contends that, perhaps, the trial court should have imposed a lesser sentence.

{¶ 6}  The Supreme Court of Ohio has set forth the standard of review on a trial court's imposition of a felony sentence:

> [A]ppellate courts must apply a two-step approach when reviewing felony sentences.  First, they must examine the sentencing court's compliance with all applicable rules and statutes in imposing the sentence to determine whether the sentence is clearly and convincingly contrary to law.  If this first prong is satisfied, the trial court's decision in imposing the term of imprisonment is reviewed under the abuse-of-discretion standard.  *State v. Kalish*, 120 Ohio St.3d 23, 2008-Ohio-4912, 896 N.E.2d 124, ¶ 26.

{¶ 7}  If the trial court's sentence is outside the permissible statutory range, the sentence is clearly and convincingly contrary to law.  *Kalish* at ¶ 15.  In addition, the trial court must consider R.C. 2929.11 and R.C. 2929.12 before imposing a sentence.  *Id*. at ¶ 13.  Furthermore, the trial court must be guided by the statutes that are specific to the case itself, and must "be mindful of imposing the correct term of postrelease control."  *Id*.

{¶ 8} Here, the trial court convicted Gibbs of theft under R.C. 2913.02(A)(1), a fifth degree felony, and sentenced him to 11 months in prison. Under R.C. 2929.14(A)(5), the range of statutory prison terms for a fifth degree felony is six to twelve months. Thus, the trial court imposed a sentence within the permissible statutory range. Furthermore, at the sentencing hearing and in its sentencing entry, the trial court specifically noted that it considered the principles and purposes of sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12. In addition, the trial court properly notified Gibbs at his sentencing hearing, and in its sentencing entry, that he is subject to a period of postrelease control for up to three years following his release from imprisonment if the parole board determines that postrelease control is necessary.

{¶ 9} Appellate counsel cites no failure of the trial court to comply with any other applicable rules and statutes; and we have found none from our review of the record. Therefore, the claim that Gibbs' prison sentence is clearly and convincingly contrary to law has no merit.

{¶ 10} Next, we address whether the trial court abused its discretion in imposing Gibbs' sentence. The term "abuse of discretion" implies that the court's attitude is arbitrary, unreasonable, or unconscionable. *State v. Adams*, 62 Ohio St.2d 151, 157, 404 N.E.2d 144 (1980). As we have previously explained in *State v. Davis*, 4th Dist. Highland No. 06CA21, 2007-Ohio-3944, ¶ 42, quoting *State v. Elswick*, 11th Dist. Lake No. 2006-L-075, 2006-Ohio-7011, ¶ 49:

> An "abuse of discretion" has * * * been found where a sentence is greatly excessive under traditional concepts of justice or is manifestly disproportionate to the crime or the defendant. * * * Where the severity of the sentence shocks the judicial conscience or greatly exceeds penalties usually exacted for similar

offenses or defendants, and the record fails to justify and the trial court fails to explain the imposition of the sentence, the appellate court's [sic] can reverse the sentence.  This by no means is an exhaustive or exclusive list of the circumstances under which an appellate court may find that the trial court abused its discretion in the imposition of [a] sentence in a particular case.

{¶ 11}  We find that the trial court did not abuse its discretion.  Here, we have found nothing in the record to support the notion that Gibbs' sentence is "greatly excessive under traditional concepts of justice or is manifestly disproportionate" under the circumstances.  Rather the trial court went to great lengths to explain the sentence, and gave careful and substantial deliberation to the relevant statutory considerations.  For instance, the trial court noted that the crime was more serious because Gibbs had a relationship with the victim that facilitated the offense.  The court also noted that Gibbs was more likely to recidivate given his extensive criminal history and his demonstrated pattern of drug and alcohol abuse related to the offense.  The trial court also noted that Gibbs' violated the conditions of his bond by not following the judgments and orders of the trial court. Finally, the trial court concluded that Gibbs was not amenable to any available community control sanctions.  Simply put, the record supports that the trial court's decision was not unreasonable, arbitrary, nor unconscionable.

{¶ 12}  In conclusion, we find no merit in the potential assignment of error identified by Gibbs' appellate counsel.  Furthermore, after reviewing the proceedings below, we have found no other potential issues for appeal.  Because we agree that Gibbs' appeal is wholly frivolous, we grant appellate counsel's motion to withdraw and affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

**JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED.  Appellant shall pay the costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of the proceedings in that court.  If a stay is continued by this entry, it will terminate at the earliest of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to the expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

McFarland, P.J. and Abele, J.:  Concur in Judgment and Opinion.

For the Court

By:_____
         Marie Hoover, Judge

**NOTICE TO COUNSEL**

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.