[Cite as *State v. Bradshaw*, 2014-Ohio-3148.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 14CA8 |
| Plaintiff-Appellee, | : | |
| v. | : | <u>DECISION AND</u> <u>JUDGMENT ENTRY</u> |
| DALLAS BRADSHAW, | : | |
| Defendant-Appellant. | : | **RELEASED: 7/14/2014** |

APPEARANCES:

Dallas Matthew Bradshaw, Caldwell, Ohio, pro se appellant.

Brigham M. Anderson, Lawrence County Prosecuting Attorney, Ironton, Ohio, for appellee.

Harsha, J.

{¶1}     The court found Dallas Bradshaw guilty of violating the conditions of his community control and sentenced him to a 30-month prison term.  In the judgment entry the trial court gave Bradshaw 55 days credit for time served, as well as additional days that he would spend in custody while he awaited transportation to prison.  Bradshaw did not timely appeal the judgment and instead filed a motion seeking additional jail-time credit.  The trial court denied Bradshaw's motion, and he appealed.

{¶2}     Bradshaw claims in his assignments of error that the trial court erred by denying his motion for additional jail-time credit.  In essence, Bradshaw contests the trial court's determination of jail-time credit in its judgment imposing a prison term for his violation of community control, but he did not timely appeal from that judgment.  Res judicata bars Bradshaw from raising his jail-time credit claim through postconviction motions because he was represented by counsel during the proceedings and could

have raised the issue on direct appeal from his sentence.  Therefore, we overrule his assignments of error and affirm the judgment of the trial court.

## I.  FACTS

**{¶3}**    After Bradshaw admitted the state's allegations that he had violated the conditions of his community control, the Lawrence County Court of Common Pleas found that he had violated his community control and imposed a sentence of 30 months in prison.  The trial court's judgment entry granted Bradshaw 55 days credit for time served as well as "future custody days while the Defendant awaits transportation to the appropriate state penal institution."  Bradshaw was represented by counsel during these proceedings, and he did not appeal his sentence.

**{¶4}**    Instead of appealing his sentence, Bradshaw filed a motion for jail-time credit, which the trial court denied.  The trial court determined that Bradshaw had been credited with 91 days of jail-time credit and that he was not entitled to any more.

**{¶5}**    This appeal ensued.

## II.  ASSIGNMENTS OF ERROR

**{¶6}**    Bradshaw assigns the following errors for our review:

1.  The trial court erred and abused it's [sic] discretion by miscalculating jail time credit.

2.  The trial court erred and abused it's [sic] discretion when it failed to grant credit of 168 days towards Appellant's sentenced [sic] from GPS Electronic Monitored Home Confinement.

## III.  LAW AND ANALYSIS

**{¶7}**    In his first assignment of error, Bradshaw asserts that the trial court erred by miscalculating his jail-time credit.  In his second assignment of error, he claims that

the trial court erred when it failed to grant him 168 days of credit for the time he spent in GPS electronic monitored home confinement.

{¶8}    In his motion Campbell did not cite the September 2012 amendment to R.C. 2929.119(B)(2)(g)(iii), which purports to confer the sentencing court with "continuing jurisdiction to correct any error not previously raised at sentencing" in making a jail-time credit determination in his filings in the trial court.  Moreover, he does not cite this statute on appeal.  Campbell thus forfeited any potential reliance on this provision on appeal.  *See State v. Walton*, 4th Dist. Washington No. 13CA29, 2014-Ohio-618, ¶ 14 (defendant forfeits issue for purposes of appeal when he fails to raise it in a post-sentence motion).  Therefore, we do not address that statute.

{¶9}    "If a party fails to timely appeal a final order, matters that could have been reviewed on appeal become res judicata and cannot be reviewed in related or subsequent proceedings or appeals."  *State v. Swayne*, 4th Dist. Adams Nos. 12CA952, 12CA953, and 12CA954, 2013-Ohio-3747, ¶ 24.  The applicability of res judicata is a question of law, which we review de novo.  *State v. Tolliver*, 4th Dist. Athens No. 12CA36, 2013-Ohio-3861, ¶ 12.

{¶10}  Res judicata barred Bradshaw from raising his claims for more jail-time credit than had been provided by the trial court in its sentencing entry because he could have raised his claims on direct appeal from his sentence.  *See State v. Spillan*, 10th Dist. Franklin Nos. 06AP-50, 06AP-51, 06AP-52, and 06AP-750, 2006-Ohio-4788, ¶ 12 ("res judicata bars appellant from raising the jail-time credit issue through the jail-time credit motions and subsequent appeal of such motions, given that appellant, represented by counsel, could have raised the issue on direct appeal from his

sentences"); *State v. Williams*, 3d Dist. Allen No. 1-03-02, 2003-Ohio-2576, ¶ 10 (res judicata barred appellant from raising claim for additional jail-time credit in postconviction motion when he could have raised it in an appeal from his original sentence).

{¶11}  Moreover, Bradshaw does not seek the correction of a mere mathematical mistake or clerical error—he seeks a legal determination of his entitlement to additional credit for periods of time he claims he was confined on the charges, including when he was under GPS electronic monitored home confinement.  *See State v. Smiley*, 10th Dist. Franklin No. 11AP-266, 2012-Ohio-4126, ¶ 12 ("Appellant did not challenge the issue of jail-time credit by way of a direct appeal, and because his motion for jail-time credit involves a substantive claim, and not merely clerical error, we agree with the state that his motion is barred under the doctrine of res judicata"); *State v. Roberts*, 10th Dist. Franklin No. 10AP-729, 2011-Ohio-1760, ¶ 11 (res judicata barred motion for jail-time credit because appellant's claim "requires a legal determination, rather than the correction of a mathematical error" when he "is claiming jail-time credit is due for a category of time, not simply the correction of the number of days within that category").

{¶12}  Although the trial court did not rely on res judicata to deny Bradshaw's motion for jail-time credit, reversal is not warranted even assuming that the court applied an erroneous rationale.  *See Today & Tomorrow Heating & Cooling v. Greenfield*, 4th Dist. Highland No. 13CA14, 2014-Ohio-239, ¶ 16, quoting *Stammco, L.L.C. v. United Tel. Co. of Ohio,* 136 Ohio St.3d 231, 2013-Ohio-3019, 994 N.E.2d 408, ¶ 51 (" 'a reviewing court should not reverse a correct judgment merely because it is based on erroneous reasons' ").

{¶13}  Therefore, we overrule Bradshaw's first and second assignments of error.

IV. CONCLUSION

{¶14}  Having overruled Bradshaw's assignments of error, we affirm the

judgment of the trial court denying his motion for jail-time credit.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, P.J. & Hoover, J.:  Concur in Judgment and Opinion.


For the Court


BY: _____
William H. Harsha, Judge



**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**