[Cite as *State v. Counts*, 2014-Ohio-3390.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 14CA1 |
| Plaintiff-Appellee, | : | |
| v. | : | <u>DECISION AND</u><br><u>JUDGMENT ENTRY</u> |
| RICHARD D. COUNTS, | : | |
| Defendant-Appellant. | : | **RELEASED:  7/28/2014** |

<u>APPEARANCES</u>:

Lambert Law Office, Michael A. Davenport, Ironton, Ohio, for appellant.

Harsha, J.

{¶1}    Following his guilty plea Richard D. Counts appeals his conviction and sentence for trafficking in drugs.  His counsel advises us that he has reviewed the record and can discern no meritorious claims for appeal.  Counsel moved to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).  After independently reviewing the record, we agree with counsel's assessment.  We find this appeal wholly frivolous, grant the motion to withdraw, and affirm the judgment of the trial court.

I. FACTS

{¶2}    A Lawrence County grand jury charged Counts with one count of trafficking in drugs, a felony of the second degree, one count of possessing criminal tools, a felony of the fifth degree, and one count of possessing drug abuse instruments, a misdemeanor of the second degree.  Counts, who was represented by counsel, pleaded guilty to an amended charge of trafficking in drugs, a felony of the fourth degree, and the state dismissed the remaining charges.  The trial court accepted

Counts's guilty plea, but initially filed an entry misstating that the state had dismissed

the first and second counts of the indictment rather than the second and third counts.  In

a nunc pro tunc entry, the trial court corrected the clerical error by specifying that the

state had dismissed the second and third counts.  The trial court sentenced Counts to a

term of twelve months in prison.

## II.  POTENTIAL ASSIGNMENT OF ERROR

{¶3}    Although Counts appealed his conviction and sentence, his appellate

counsel filed a motion to withdraw and an *Anders* brief.  In *State v. Lester*, 4th Dist.

Vinton No. 12CA689, 2013-Ohio-2485, ¶ 3, we discussed the pertinent *Anders*

requirements:

> In *Anders,* the United States Supreme Court held that if counsel
> determines after a conscientious examination of the record that the case is
> wholly frivolous, counsel should so advise the court and request
> permission to withdraw. Counsel must accompany the request with a brief
> identifying anything in the record that could arguably support the appeal.
> *Anders* at 744. The client should be furnished with a copy of the brief and
> given time to raise any matters the client chooses. *Id.* Once these
> requirements are met, we must fully examine the proceedings below to
> determine if an arguably meritorious issue exists. *Id.* If so, we must
> appoint new counsel and decide the merits of the appeal. *Id.* If we find the
> appeal frivolous, we may grant the request to withdraw and dismiss the
> appeal without violating federal constitutional requirements or may
> proceed to a decision on the merits if state law so requires. *Id.*

{¶4}    Initially, Counts's appellate counsel did not comply with these

requirements because he did not file a motion to withdraw as counsel, did not furnish a

copy of his brief to Counts, and did not allow Counts sufficient time to raise any matters

that he chose.  *See State v. Tewolde*, 4th Dist. Ross No. 07CA2946, 2007-Ohio-6330, ¶

8.  Therefore, we ordered counsel to file a motion to withdraw and ordered the clerk to

serve a copy of counsel's *Anders* brief on Counts and permitted him to file his own brief

within 30 days from our order.  That time has now passed, and Counts did not file his own brief.

{¶5}    Therefore, we will examine counsel's potential assignment of error and the record to determine if this appeal lacks arguable merit.  Counsel raises the following potential assignment of error:

> The defendant alleges that he should be granted relief by the Court because the original Judgment Entry erroneously stated that counts 1 and 2 of the indictment were noli'd [sic] by the state of Ohio rather than counts 2 and 3.

### III.  LAW AND ANALYSIS

{¶6}    Through counsel Counts asserts that he is entitled to reversal of his conviction and sentence because the trial court's initial entry accepting his plea of guilty to the amended charge of drug trafficking erroneously stated that the first and second counts of the indictment had been dismissed.

{¶7}    As his counsel acknowledges, however, the record establishes that the misstatement in the original entry regarding which counts the state dismissed was a mere clerical error that the trial court corrected by subsequent nunc pro tunc entry.  Trial courts are authorized to correct clerical errors in judgments by nunc pro tunc entry to reflect what the court actually decided.  *State ex rel. Womack v. Marsh*, 128 Ohio St.3d 303, 2011-Ohio-229, 943 N.E.2d 1010, ¶ 13; Crim.R. 36 ("Clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission, may be corrected by the court at any time").  The trial court committed no error in correcting the clerical mistake in its original entry.  The potential assignment of error thus lacks arguable merit.

{¶8}  Moreover, a review of the transcript of the hearing when Counts changed his plea to guilty on the amended drug trafficking charge indicates that his plea was made knowingly, intelligently, and voluntarily, with the appropriate Crim.R. 11(C)(2)(c) colloquy.  *See State v. Barker*, 129 Ohio St.3d 472, 2011-Ohio-4130, 953 N.E.2d 826, ¶ 9-10.

{¶9}  Furthermore, his twelve-month prison term was within the applicable sentencing guidelines.  *See* R.C. 2929.14(A)(4).

{¶10}  Finally, our independent review of the record uncovers no arguably meritorious issues for appeal.

## IV.  CONCLUSION

{¶11}  Therefore, because the potential assignment of error lacks arguable merit and having independently discovered no arguably meritorious issues for appeal, we find this appeal wholly frivolous, grant counsel's motion to withdraw, and affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court.  If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, P.J. & McFarland, J.:  Concur in Judgment and Opinion.

For the Court

BY: _____
William H. Harsha, Judge

### **NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**