[Cite as *State v. Marcum*, 2014-Ohio-5373.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HOCKING COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 14CA13 |
| Plaintiff-Appellee, | : | |
| v. | : | <u>DECISION AND</u> <u>JUDGMENT ENTRY</u> |
| JAMES E. MARCUM, | : | |
| Defendant-Appellant. | : | **RELEASED: 12/01/2014** |

<u>APPEARANCES</u>:

Jorden M. Meadows, Logan, Ohio, for appellant.

James E. Marcum, Lancaster, Ohio, pro se appellant.

Laina R. Fetherolf, Hocking County Prosecuting Attorney, Logan, Ohio, for appellee.

Harsha, J.

{¶1}   The Hocking County Court of Common Pleas revoked James E. Marcum's community control and reimposed a previously suspended one-year prison term.  In its sentencing entry the trial court granted Marcum jail-time credit for 90 days as of April 17, 2014 and additional days in custody awaiting transportation to prison.  Instead of timely appealing his sentence to contest the trial court's jail-time credit order, Marcum filed a motion for jail-time credit.  The trial court denied the motion, but Marcum did not timely appeal from the judgment.  Marcum then filed a second motion for jail-time credit, which the trial court also denied.  This appeal followed.

{¶2}   The trial court appointed him counsel, who advises us that he has reviewed the record and can discern no meritorious claims for appeal.  Counsel moved to withdraw under *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967) and submitted potential assignments of error.  Upon being served a copy of his

counsel's *Anders* brief, Marcum filed a pro se brief raising additional assignments of error.

{¶3} After independently reviewing the record, we agree with counsel's assessment. We find this appeal is wholly frivolous because Marcum cannot challenge the trial court's sentencing entry or its denial of his first motion for jail-time credit because he did not timely appeal those judgments. Moreover, res judicata bars his claims for jail-time credit in his second motion for jail-time credit because he could have raised these claims in a direct appeal from his sentence or the judgment denying his first motion. Therefore, we grant his appointed counsel's motion to withdraw and affirm the judgment of the trial court.

## I. FACTS

{¶4} In June 2011, Marcum, with the assistance of counsel pleaded guilty to passing bad checks, a felony of the fifth degree, and received a sentence of one year in prison. The trial court suspended his prison term and placed him on community control for three years. As one of the conditions of community control, the trial court ordered Marcum to enter and successfully complete the Southeastern Probation Treatment Alternative ("SEPTA") program, and that part of his sentence would be concurrent with a Perry County sentence that he was already serving.

{¶5} Shortly thereafter, Marcum advised the trial court that he had changed his mind about participating in the ordered SEPTA program. In September 2011, the state requested that Marcum's community control be revoked because he had violated the conditions by failing to follow the court's order to participate in and successfully complete the SEPTA program. The trial court issued a nunc pro tunc sentencing order

that removed the prior term that his participation in the SEPTA program would be concurrent with his Perry County sentence.  In October 2011, Marcum, represented by counsel, pleaded guilty to violating the conditions of his community control, and in November 2, 2011 entry, the trial court ordered Marcum to continue his community control for his conviction for passing bad checks until his acceptance into the SEPTA program.  The trial court granted Marcum 90 days jail-time credit as of October 27, 2011.

{¶6}   After his counsel moved to withdraw upon filing an *Anders* brief, we granted the motion, but remanded the matter to the trial court because of a lack of clarity in the trial court's November 2011 judgment entry.  In January 2013, the trial court issued a nunc pro tunc entry clarifying that Marcum's original three-year period of community control, initially imposed after his conviction for passing bad checks, remained unchanged after his conviction for violating his community control conditions.  We held that the trial court erred when it imposed court costs and costs of prosecution for the revocation proceeding on Marcum because it failed to orally notify him of this and deprived him of the opportunity to claim indigency and seek a waiver of the payment of these costs.  *State v. Marcum*, 4th Dist. Hocking No. 11CA30, 2013-Ohio-951.  We reversed that portion of the trial court's judgment and remanded the cause to the trial court for the limited purpose of allowing Marcum to move the court for the specified waiver of costs.  *Id.* at ¶ 4.  On remand, the trial court issued an entry finding Marcum to be indigent and waiving costs.

{¶7}   In March 2014, the state again requested that Marcum's community control be revoked because he violated the following conditions:  (1) failing to notify his

supervising probation officer of his change of residency; (2) failing to report to his supervising probation officer as instructed; and (3) failing to pay his restitution and court costs as ordered. Marcum waived his right to counsel to defend against the revocation. An Adult Parole Authority ("APA") holder was placed on Marcum for the alleged community control violations on March 14, 2014, but he was apparently already in custody and awaiting sentencing on a pending charge of violating a protection order in the Hocking Municipal Court.

{¶8} In April 2014, Marcum admitted violating some of the terms of his community control and the trial court found him guilty, revoked his community control, and ordered him to serve his previously suspended one-year sentence for passing bad checks. In its April 21, 2014 judgment entry, the trial court granted Marcum jail-time credit of 90 days—as it had previously done in its November 2, 2011 judgment entry— as well as "future custody days while the defendant awaits transportation to an appropriate penal institution."

{¶9} Marcum did not appeal the trial court's judgment entry. Instead, on June 4, 2014, he filed a pro se motion for sentence modification and jail-time credit. In his jail-time credit argument Marcum claimed that he was entitled to an additional 24 days of jail-time credit after the APA holder was placed on him in March 2014. The trial court denied Marcum's motion for sentence modification and then, on June 11, 2014, denied his motion for jail-time credit because the time that he sought to have credited "was served on a Municipal court case." Marcum did not appeal the judgment denying his motion for jail-time credit.

{¶10}  On July 21, 2014, Marcum filed a second pro se motion for jail-time credit. In this motion, he claimed that he was entitled to the following additional jail-time credit: (1) 194 days that he was incarcerated at the Southeastern Regional Jail from March 2, 2011 to September 12, 2011, when his sentence for passing bad checks was originally to be served concurrently with his then-pending Perry County sentence for an unspecified conviction; and (2) 42 days for the time he was incarcerated at the Southeastern Regional Jail from March 14, 2014 to April 25, 2014 after the APA placed a holder on him for his most recent community-control violations and until he was conveyed to prison after he was sentenced on those charges.  On July 22, 2014, the trial court denied his second motion for jail-time credit "for the same reason it was overruled on June 11, 2014."  This appeal followed, and the trial court appointed counsel for Marcum.

{¶11}  In his pro se notice of appeal Marcum specified that he was appealing from the trial court's July 22, 2014 judgment denying his second motion for jail-time credit.  He attached both that judgment as well as the trial court's June 11, 2014 judgment denying his first motion for jail-time credit.

## II. ASSIGNMENTS OF ERROR

{¶12}  Although Marcum appealed the denial of his second motion for jail-time credit, his appellate counsel filed a motion to withdraw and an *Anders* brief.  In *State v. Counts*, 4th Dist. Lawrence No. 14CA1, 2014-Ohio-3390, ¶ 3, quoting *State v. Lester*, 4th Dist. Vinton No. 12CA689, 2013-Ohio-2485, ¶ 3, we discussed the pertinent *Anders* requirements:

> "In *Anders,* the United States Supreme Court held that if counsel
> determines after a conscientious examination of the record that the case is

wholly frivolous, counsel should so advise the court and request permission to withdraw. Counsel must accompany the request with a brief identifying anything in the record that could arguably support the appeal. *Anders* at 744. The client should be furnished with a copy of the brief and given time to raise any matters the client chooses. *Id.* Once these requirements are met, we must fully examine the proceedings below to determine if an arguably meritorious issue exists. *Id.* If so, we must appoint new counsel and decide the merits of the appeal. *Id.* If we find the appeal frivolous, we may grant the request to withdraw and dismiss the appeal without violating federal constitutional requirements or may proceed to a decision on the merits if state law so requires. *Id.*"

{¶13} Marcum's appellate counsel complied with these procedural requirements by filing a motion to withdraw as counsel and serving a copy of his *Anders* brief on Marcum. In the *Anders* brief, counsel specifies the following potential assignments of error:

1. Appellant may assert, as an assignment of error that the trial court erred by improperly denying appellant's motion for jail time credit first filed with the Court on June 04, 2014 and refiled on July 21, 2014.

2. Appellant may assert, as an assignment of error, that the trial court erred by failing to comply with Ohio Revised Code § 2967.191 in calculating appellant's jail time credit.

{¶14} In addition, Marcum has filed a pro se brief in which he assigns the following errors:

1. On September 28, 2011 the trial court errored in issuing the "nunc pro tunc" sentencing entry, when they failed to include Marcum's sentence was to be concurrent with Perry County, ultimately making it harder for Marcum to receive full credit of all his jail time pursuant to Ohio Revised Code 2967.191 for a reduction of his sentence.

2. On March 14, 2014 the Hocking County Adult Parole Authority issued a holder against Marcum pursuant to Ohio Revised Code 2951.08 or 2967.15 to commit and hold Marcum in state custody (see Exhibit B attached to appeal) which the trial court errored and did not apply according [to] Ohio Revised Code 2967.191.

3. The trial court errored by failing to properly apply and calculate Marcum's jail time credit pursuant to Ohio Revised Code 2967.191.

### III. LAW AND ANALYSIS

### A. Jurisdiction

**{¶15}** Because Marcum's assignments of error raise similar issues and are not argued separately, we address them jointly. We first consider Marcum's challenge to the trial court's September 28, 2011 nunc pro tunc sentencing entry and June 11, 2014 judgment denying his first motion for jail-time credit.

**{¶16}** Under App.R. 3(A), the notice of appeal "shall designate the judgment, order or part thereof appealed from." "We are without jurisdiction to review a judgment or entry not designated in an appellant's notice of appeal." *State v. Walton*, 4th Dist. Washington No. 13CA9, 2014-Ohio-618, ¶ 6, citing *State v. Waters*, 8th Dist. Cuyahoga No. 97656, 2012-Ohio-3809, ¶ 10. Because Marcum's notice of appeal specified that he was only appealing the trial court's July 22, 2014 judgment, we lack jurisdiction to address his arguments contesting the trial court's September 2011 nunc pro tunc sentencing entry and June 11, 2014 judgment denying his first motion for jail-time credit.

**{¶17}** Moreover, Marcum filed his notice of appeal on August 12, 2014. Under App.R. 4(A), a notice of appeal must be filed within 30 days of entry of judgment or order being appealed. Because Marcum did not file a timely appeal from the trial court's sentencing entries and judgment denying his first motion for jail-time credit, we lack jurisdiction to consider those parts of his assignments of error that challenge the propriety of those judgments. *See, e.g., State v. Francis*, 4th Dist. Meigs No. 10CA2, 2011-Ohio-4497, ¶ 12 (holding that if a party fails to file a notice of appeal within 30 days, as required by App.R. 4(A), the court lacks jurisdiction to entertain the appeal).

{¶18} Conversely, Marcum filed a timely appeal from the trial court's July 22, 2014 judgment denying his second motion for jail-time credit and he properly designated that judgment in his notice of appeal. Therefore, we consider whether his assignments of error pertinent to that judgment have arguable merit.

## B. Res Judicata

{¶19} In his assignments of error Marcum asserts that the trial court erred in denying his second motion for jail-time credit. In that motion, Marcum claimed that he was entitled to an additional 194 days of jail-time credit for time he spent in jail from March 2, 2011 to September 12, 2011 and an additional 42 days for time he spent in jail from March 14, 2014 to April 25, 2014.

{¶20} In his motion Marcum did not cite the September 2012 amendment to R.C. 2929.119(B)(2)(g)(iii), which purports to confer the sentencing court with "continuing jurisdiction to correct any error not previously raised at sentencing" in making a jail-time credit determination in the trial court. Nor does he cite this statute on appeal. Therefore, Marcum has forfeited any potential reliance on this provision on appeal. *See State v. Bradshaw*, 4th Dist. Lawrence No. 14CA8, 2014-Ohio-3148, ¶ 8. Consequently, we need not address this statutory provision.

{¶21} We have recognized that "[i]f a party fails to timely appeal a final order, matters that could have been reviewed on appeal become res judicata and cannot be reviewed in related or subsequent proceedings or appeals." *State v. Swayne*, 4th Dist. Adams Nos. 12CA952, 12CA953, and 12CA954, 2013-Ohio-3747, ¶ 24. The applicability of res judicata is a question of law, which we determine independently. *State v. Tolliver*, 4th Dist. Athens No. 12CA36, 2013-Ohio-3861, ¶ 12.

**{¶22}** Res judicata barred Marcum from raising his claims for more jail-time credit than had been provided by the trial court in its sentencing entries and the entry denying his first motion for jail-time credit because he could have raised his claims in appeals from these prior judgments. *Bradshaw* at ¶ 10; *State v. Quinnie*, 8th Dist. Cuyahoga No. 100317, 2014-Ohio-1435, ¶ 16 (res judicata barred appellant from raising jail-time credit claim in postconviction motion because he could have but did not raise the issue in his direct appeal); *State v. Spillan*, 10th Dist. Franklin Nos. 06AP-50, 06AP-51, 06AP-52, and 06AP-750, 2006-Ohio-4788, ¶ 12 ("res judicata bars appellant from raising the jail-time credit issue through the jail-time credit motions and subsequent appeal of such motions, given that appellant, represented by counsel, could have raised the issue on direct appeal"); *State v. Williams*, 3rd Dist. Allen No. 1-03-02, 2003-Ohio-2576, ¶ 10 (res judicata barred appellant from raising claim for additional jail-time credit in postconviction motion when he could have raised it in an appeal from his original sentence).

**{¶23}** He could have raised his first claim of additional jail-time credit for time served in jail from March 2, 2011 to September 12, 2011, when he appealed from the trial court's November 2, 2011 judgment on his first set of community control violations. In that judgment the trial court first calculated that he was entitled to 90 days of jail-time credit as of late October 2011. At the time, Marcum was represented by counsel.

**{¶24}** Marcum also could have raised his first claim and his remaining claim for jail-time credit for time served in jail from March 14, 2014 to April 25, 2014 in a direct appeal from the trial court's April 24, 2014 judgment revoking his community control and granting him jail-time credit for the previously specified 90 days. Although Marcum was

not represented by counsel in the last revocation proceeding, he waived his right to counsel to defend against the revocation.

{¶25} Furthermore, Marcum could have raised his claims in a timely appeal from the trial court's June 11, 2014 judgment denying his first motion for jail-time credit.

{¶26} Moreover, Marcum does not seek the correction of a mere mathematical mistake or clerical error, which would not be barred by res judicata—he seeks a legal determination of his entitlement to periods of time he claims he was confined on the charges, which consists of time he was being held in custody on charges and sentences in unrelated criminal cases. *See Bradshaw*, 4th Dist. No. 14CA8, 2014-Ohio-3148, ¶ 11; *State v. Smiley*, 10th Dist. Franklin No. 11AP-266, 2012-Ohio-4126, ¶ 12 ("Appellant did not challenge the issue of jail-time credit by way of direct appeal, and because his motion for jail-time credit involves a substantive claim, and not merely clerical error, we agree with the state that his motion is barred under the doctrine of res judicata"); *State v. Roberts*, 10th Dist. Franklin No. 10AP-729, 2011-Ohio-1760, ¶ 11 (res judicata barred motion for jail-time credit because appellant's claim "requires a legal determination, rather than the correction of a mathematical error" when he "is claiming jail-time credit is due for a category of time, not simply the correction of the number of days within that category").

{¶27} Although the trial court did not rely on res judicata to deny Marcum's second motion for jail-time credit, reversal is not warranted even assuming that the court applied an erroneous rationale. *Stammco, L.L.C. v. United Tel. Co. of Ohio*, 136 Ohio St.3d 231, 2013-Ohio-3019, 994 N.E.2d 408, ¶ 51 ("a reviewing court should not

reverse a correct judgment merely because it is based on erroneous reasons");

*Bradshaw* at ¶ 12.

**{¶28}** Therefore, Marcum's potential and pro se assignments of error lack arguable merit and are overruled. And our independent review of the record uncovers no arguably meritorious issues for appeal.[1]

## IV. CONCLUSION

**{¶29}** Accordingly, because the assignments of error lack arguable merit and having independently discovered no arguably meritorious issues for appeal, we find this appeal wholly frivolous, grant counsel's motion to withdraw, and affirm the judgment of the trial court.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

---

[1] Even Marcum's substantive jail-time claims are suspect and do not appear to be supported by the record. *See, e.g., State v. Primack*, 4th Dist. Washington No. 13CA23, 2014-Ohio-1771, ¶ 13 (defendant was not entitled to jail-time credit for confinement for different offenses than the one involved in the case).

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Hocking County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, P.J. & McFarland, J.:  Concur in Judgment and Opinion.


For the Court


BY:  _____
       William H. Harsha, Judge



**NOTICE TO COUNSEL**

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**