[Cite as *State v. Primack*, 2014-Ohio-1771.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
WASHINGTON COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 13CA23 |
| | : | |
| Plaintiff-Appellee, | : | |
| | : | DECISION AND |
| v. | : | JUDGMENT ENTRY |
| | : | |
| JONATHAN D. PRIMACK, | : | |
| | : | **RELEASED: 04/17/14** |
| Defendant-Appellant. | : | |

_____
APPEARANCES:

Jonathan D. Primack, Pickaway Correctional Institution, Orient, Ohio, pro se appellant.

James E. Schneider, Washington County Prosecuting Attorney, and Alison L. Cauthorn, Washington County Assistant Prosecuting Attorney, Marietta, Ohio, for appellee.
_____
Harsha, J.

**{¶1}** Jonathan Primack pleaded guilty to trafficking in drugs and now appeals his 30 month sentence. The trial court ordered his sentence to run concurrently to a sentence he was currently serving from Tuscarawas County. Citing *State v. Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440, Primack argues that the trial court erred by not granting him jail-time credit for the days he spent incarcerated on his Tuscarawas County conviction while he was awaiting disposition of the charge in this case. However, Primack's reliance on *Fugate* is misplaced because it did not negate the basic principle that a defendant is not entitled to credit under R.C. 2967.191, for time incarcerated for unrelated offenses. Thus, we reject his argument and affirm the trial court's judgment.

I. FACTS

{¶2} In June 2012, the Washington County Grand Jury returned an indictment charging Primack with one count of aggravated trafficking in drugs and a warrant was issued for his arrest. In December 2012, Primack pleaded guilty to other drug related offenses in Tuscarawas County and received a two year sentence. When Primack entered the state prison system on December 11, 2012, he became aware of the untried indictment in Washington County and the outstanding warrant for his arrest. Subsequently he filed a motion with the Washington County Prosecutor for the timely and final disposition of his pending charge.

{¶3} Pursuant to a plea agreement, Primack pleaded guilty to trafficking in drugs (Oxycodone). The state recommended that his sentence run concurrently to his prison sentence from Tuscarawas County from the date of May 8, 2013, which was the date that Primack told the prosecutor he would plead guilty. The trial court found Primack guilty and proceeded to sentencing. Defense counsel argued that Primack should receive jail-time credit from the date he requested disposition of the indictment, February 11, 2013. The trial court imposed a 30 month sentence to be served concurrently to Primack's sentence from Tuscarawas County and credited him with two days of jail time. Defense counsel objected to the court's calculation of Primack's jail-time credit and this appeal followed.

## II. ASSIGNMENT OF ERROR

{¶4} Primack raises one assignment of error for our review:

1. THE TRIAL COURT ERRED BY NOT CREDITING DEFENDANT WITH THE PROPER AMOUNT OF JAIL-TIME CREDIT ON CONCURRENT SENTENCES.

## III. LAW AND ANALYSIS

### A. Standard of Review

**{¶5}**    "A trial court must make a factual determination of the number of days credit to which a prisoner is entitled by law.  *See* Ohio Adm.Code 5120-2-04(B). Therefore, we must uphold the trial court[']s findings of fact if the record contains competent, credible evidence to support them." *State v. Elkins*, 4th Dist. Hocking No. 07CA1, 2008-Ohio-674, ¶ 20.

### B. Was Primack Entitled to Additional Jail-Time Credit?

**{¶6}**    "The practice of awarding jail-time credit, although now covered by state statute, has its roots in the Equal Protection Clauses of the Ohio and United States Constitutions."  *Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440, at ¶ 7. The Equal Protection Clause requires that defendants who are unable to afford bail must be credited for the time they are confined while awaiting trial.  *Id.*  "'The rationale for [giving jail-time credit] is quite simple.  A person with money will make bail while a person without money will not.  If both persons are given identical sentences, the reality is that unless the person who did not make bail is given credit for his pretrial time, the poorer person will have served more time than the other.  Unequal treatment based on personal wealth is anathema to the Constitution as a denial of equal protection.'"  *Id.* at ¶ 25 (Lundberg Stratton, J., concurring), quoting *State v. Thorpe*, 10th Dist. Franklin Nos. 99AP-1180 through 99AP-1187, 2000 WL 966702, *3 (June 30, 2000) (Grey, J. dissenting).

**{¶7}**    This principle is codified in R.C. 2967.191, which states that "[t]he department of rehabilitation and correction shall reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including

confinement in lieu of bail while awaiting trial * * *." "Thus, R.C. 2967.191 is inapplicable when the offender is imprisoned as a result of another unrelated offense. * * * This means that there is no jail-time credit for time served on unrelated offenses, even if that time served runs concurrently during the pre-detention phase of another matter." *State v. Maddox*, 8th Dist. Cuyahoga No. 99120, 2013-Ohio-3140, ¶ 41.

{¶8}     Primack argues that the trial court improperly credited him with only two days jail time.  Specifically he contends that he should have received 157 days credit for the time he spent in prison serving his sentence from Tuscarawas County while he was awaiting disposition of this case because "an active arrest warrant was pending against him, and he would not have been released from confinement, without posting bail in Washington County."  To support his argument Primack relies on *Fugate*, however, his reliance on that case is misplaced.

{¶9}     In *Fugate*, the defendant committed burglary and theft while on community control.  He was held in jail awaiting disposition of his community control violation and burglary and theft case.  The trial court imposed a 12 month sentence for the community control violation and credited him with the time he spent in jail.  The trial court also imposed a two year sentence for the defendant's burglary conviction, to run concurrently to his term for the community control violation.  However, the court did not apply any jail-time credit in that case.

{¶10}   On appeal the defendant argued that he should have received jail-time credit in his burglary case, as well as his community control violation.  The Ohio Supreme Court held:

> when concurrent prison terms are imposed, courts do not have the
> discretion to select only one term from those that are run concurrently

against which to apply jail-time credit. R.C. 2967.191 requires that jail-time credit be applied to all prison terms imposed for charges on which the offender has been held. If courts were permitted to apply jail-time credit to only one of the concurrent terms, the practical result would be, as in this case, to deny credit for time that an offender was confined while being held on pending charges. So long as an offender is held on a charge while awaiting trial or sentencing, the offender is entitled to jail-time credit for that sentence; a court cannot choose one of several concurrent terms against which to apply the credit.

*Fugate*, 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440, at ¶ 12.

**{¶11}** *Fugate* is distinguishable from this case and does not support Primack's claim that he should receive jail-time credit for the time he served after his conviction in Tuscarawas County but before sentencing in his Washington County case. *See State v. Doyle*, 10th Dist. Franklin Nos. 12AP-567, 12AP-794, 12AP-568, 12AP-793, 2013-Ohio-3262, ¶ 24. "*Fugate* did not negate the basic principle that 'a defendant is not entitled to jail-time credit for time incarcerated in another county for unrelated offenses.'" *State v. McKinney*, 7th Dist. Mahoning No. 12 MA 163, 2013-Ohio-4357, ¶ 12, quoting *State v. Daughenbaugh*, 3rd Dist. Wyandot, No. 16-09-05, 2009-Ohio-3823, ¶ 19. *See also State v. Ways*, 2nd Dist. Montgomery No. 25214, 2013-Ohio-293, ¶ 20 (defendant not entitled to jail-time credit for "time that the prisoner was incarcerated by reason of a sentence previously imposed for a different offense, even if that prior sentence is one with which the present sentence is ordered to be served concurrently").

**{¶12}** Here, Primack was serving a 24 month prison term for his Tuscarawas County conviction when he was returned to Washington County and held in jail on his pending drug trafficking charge. Thus, once Primack was convicted in Tuscarawas County and began serving his sentence he could not have posted bond and been released while awaiting disposition of his new drug trafficking case. *See State v.*

*Smiley*, 8th Dist. Cuyahoga No. 99486, 2013-Ohio-4495, ¶ 13-14; *McKinney* at ¶ 12.

"Therefore, the trial court's refusal to give jail-time credit did not offend the notion of equal protection, which, as the *Fugate* court explained, is the overall objective of jail-time credit." *Smiley* at ¶ 24, citing *Fugate* at ¶ 11.

**{¶13}** Primack contends his convictions in Tuscarawas and Washington Counties were "part of the same criminal investigation" and the result of a "continuing course of criminal conduct." However, his confinement in this case did not "aris[e] out of the offense for which [he] was convicted and sentenced," in Tuscarawas County as required by R.C. 2967.191. Thus, the time Primack spent incarcerated prior to his conviction in this case does not count under R.C. 2967.191 because "it was due to different offenses." *Elkins*, 4th Dist. Hocking No. 07CA1, 2008-Ohio-674, at ¶ 26.

## IV. CONCLUSION

**{¶14}** Accordingly, the trial court did not err by failing to grant Primack jail-time credit for the time he spent incarcerated for his Tuscarawas County convictions prior to sentencing in this case. We overrule his sole assignment of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Washington County Court of Common Pleas to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, P.J. & McFarland, J.:  Concur in Judgment and Opinion.


For the Court


BY: _____
        William H. Harsha, Judge



### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**