[Cite as *State v. Garrett*, 2014-Ohio-3462.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
GALLIA COUNTY

STATE OF OHIO,                                          :

    Plaintiff-Appellee,                          :        Case No.   13CA13

    vs.                                                    :

JAMES C. GARRETT,                                  :        DECISION AND JUDGMENT ENTRY


    Defendant-Appellant.                       :

_____

APPEARANCES:

APPELLANT PRO SE:        James C. Garrett, No. 678-131, Chillicothe Correctional
                                             Institution, P.O. Box 5500, Chillicothe, Ohio 45601

COUNSEL FOR APPELLEE:        Jeff Adkins, Gallia County Prosecuting Attorney, 18 Locust
                                                      Street, Room 1267, Gallipolis, Ohio 45631

_____

CRIMINAL APPEAL FROM COMMON PLEAS COURT
DATE JOURNALIZED: 8-5-14
ABELE, P.J.

{¶ 1}   This is an appeal from a Gallia County Common Pleas Court judgment that

overruled a "petition to vacate or set aside judgment of conviction" filed by James C. Garrett,

defendant below and appellant herein.   Appellant assigns the following errors for review[1]:

_____

[1] Appellant's brief neglects to set forth a statement of the assignments of error as App.R. 16(A)(3) requires.   Thus, we take the two assignments of error from the argument portion of the brief.   Also, another assignment of error appears to be sandwiched between the brief's "statement of the issues" and "statement of the case."   Although we do not include that assignment of error in our discussion, we would have nevertheless overruled it for the same reason(s) that we overrule the other assignments of error.

FIRST ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED IN ACCEPTING
DEFENDANT-APPELLANT'S GUILTY PLEA DUE TO THE
DEFENDANT-APPELLANT'S CLEAR INABILITY TO
UNDERSTAND THE LEGAL RIGHTS HE WAS WAIVING
WHEN HE PLEAD GUILTY." [SIC]

SECOND ASSIGNMENT OF ERROR:

"THE TRIAL COURT ERRED SENTENCING
DEFENDANT-APPELLANT BECAUSE IT FAILED TO
APPORPRIATELY CONSIDER THE RECORD AND
MITIGATING FACTOES R.C. 2929.12 AND 2953.31." [SIC]

{¶ 2}   In 2012, the Gallia County Grand Jury returned an indictment that charged appellant with (1) murder in violation of R.C. 2903.02(B), (2) aggravated robbery in violation of R.C. 2911.01(A)(3), and (3) conspiracy in violation of R.C. 2923.01(A)(1).   Appellant initially pled not guilty to all counts, but later agreed to plead guilty to involuntary manslaughter (R.C. 2903.04(A)) in exchange for eleven years imprisonment and the dismissal of the other charges. The trial court accepted the plea and sentenced appellant to serve the agreed upon eleven year term of incarceration.   No appeal was taken from that judgment.

{¶ 3}   Appellant commenced the instant case on August 28, 2013 with his "petition to vacate or set aside judgment of conviction or sentence."   Appellant challenged his prior conviction and sentence on constitutional grounds, and the trial court correctly treated the petition as a petition for postconviction relief. See e.g.   *State v. Creech*, 4th Dist. Scioto No. 12CA3500, 2013-Ohio-3791, at ¶15; *State v. Lewis*, 4th Dist. Lawrence No. 11CA29, 2013-Ohio-1327, at ¶2, fn. 2.   On September 5, 2013, after the trial court noted various deficiencies in the petition, as well as appellant's failure to appeal his original judgment of conviction and sentence, the court denied his request for relief.   This appeal followed.

{¶ 4}    We jointly consider appellant's assignments of errors for ease of discussion.   To begin, all of the appellant's alleged errors involve his original conviction.   These, however, are issues that could have been raised during a first appeal of right.   Appellant did not file such an appeal and, as we discuss later in this opinion, is now barred from raising those issues.

{¶ 5}    Consequently, the only issue that appellant can raise at this time is whether the trial court erred by overruling his petition.   We conclude that it did not.

{¶ 6}    R.C. 2953.21(C) provides, inter alia:

"The court shall consider a petition that is timely filed . . .In making such a determination, the court shall consider, in addition to the petition, the supporting affidavits, and the documentary evidence, all the files and records pertaining to the proceedings against the petitioner, including, but not limited to, the indictment, the court's journal entries, the journalized records of the clerk of the court, and the court reporter's transcript. The court reporter's transcript, if ordered and certified by the court, shall be taxed as court costs." (Emphasis added.)

{¶ 7}    Appellant argued, in essence, that he did not understand any of the proceedings. However, appellant submitted no evidentiary materials to support his argument.   Although the record on appeal contains a transcript of the plea hearing, that transcript was requested after the trial court overruled his petition.   No other evidentiary materials were before the court.   For this reason alone, we find no error in the trial court's decision.

{¶ 8}    Second, and more important, the issues appellant now raises could have been raised, but were not, in a first appeal of right.   It is well-settled that the doctrine of res judicata bars raising issues on postconviction relief that could have been raised on direct appeal. See e.g. State v. Smith, Ross App. No. 09CA3128, 2011-Ohio-664, at ¶10; State v. Damron, Ross App. No. 10CA3158, 2010-Ohio-6549, at ¶20.   Appellant did not appeal his 2013 sentencing entry and, thus, is now barred from raising any constitutional issues.

{¶ 9}   We further note that the transcript of the February 27, 2013 change of plea hearing reveals that appellant answered in the affirmative when the trial court asked if the plea was his "agreement."   Appellant also answered in the negative when asked if he had any "questions about it."   The following colloquy also occurred between appellant and the trial court:

> "COURT: Okay, thank you.   Now Mr. Garrett, before I can accept the plea of guilty I need to advise you of your rights and ask you certain questions to determine if your pleas is being made voluntarily, meaning of your own freewill [sic] and accord, and also that it's being made knowingly and intelligently, meaning that you understand what's happening here this morning.   So except for the underlying plea agreement, which has already been stated for purposes of the record, have there been any threats or promises made to you to get you to change your plea in this case?
>
> [APPELLANT]: No, your honor."

{¶ 10}  If we reviewed appellant's arguments on their merits, we believe that in light of this exchange it would be difficult to argue that appellant's guilty plea was somehow involuntary.  As the trial court aptly noted, appellant has submitted no evidentiary material to rebut his admission that his guilty plea to a reduced charge was his free and voluntarily act.   Appellant submitted nothing to show that he did not understand the context of those proceedings.

{¶ 11}  For all of the foregoing reasons, we hereby overrule appellant's assignments of error and affirm the trial court's judgment.

JUDGMENT AFFIRMED.

[Cite as *State v. Garrett*, **2014-Ohio-3462**.]

## JUDGMENT ENTRY

It is ordered that the judgment be affirmed and that appellee recover of appellant costs herein taxed.

It is ordered that a special mandate issue out of this Court directing the Gallia County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.   Exceptions.

Harsha, J. & McFarland, J.: Concur in Judgment & Opinion

For the Court

BY:_____
 Peter B. Abele
    Presiding Judge

## NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.