[Cite as *State v. Carpenter*, 2014-Ohio-5698.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
LAWRENCE COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | Case No. 14CA13 |
| Plaintiff-Appellee, | : | |
| v. | : | <u>DECISION AND</u><br><u>JUDGMENT ENTRY</u> |
| CARL V. CARPENTER, | : | |
| Defendant-Appellant. | : | **RELEASED: 12/24/2014** |

<u>APPEARANCES</u>:

Timothy Young, Ohio Public Defender, and Eric M. Hedrick, Ohio Assistant Public Defender, Columbus, Ohio, for appellant.

Brigham M. Anderson, Lawrence County Prosecuting Attorney, and W. Mack Anderson, Lawrence County Assistant Prosecuting Attorney, Ironton, Ohio, for appellee.

Harsha, J.

{¶1} The Lawrence County Court of Common Pleas revoked Carl V. Carpenter's community control and sentenced him to serve 12 months in prison. The trial court granted Carpenter jail-time credit for 54 days plus additional days in custody awaiting transportation to prison. Instead of timely appealing his sentence to contest the trial court's jail-time credit order, Carpenter filed two pro se motions for jail-time credit and one pro se motion to clarify jail-time credit. Ultimately, over a year after the trial court's judgment, counsel for Carpenter filed a motion for recalculation of jail-time credit. The trial court denied the motion, finding it had previously addressed the issue and given Carpenter the appropriate days of credit.

{¶2} On appeal Carpenter contends that the trial court committed reversible error by denying his motion to recalculate his jail-time credit. We reject his contention. Res judicata bars his request for additional jail-time credit because he could have raised

his claims in a direct appeal from his sentence.  Therefore, we overrule his assignment of error and affirm the judgment of the trial court.

### I. FACTS

{¶3}    In C.P. Case No. 09-CR-16, Lawrence County officials charged Carpenter with one count of receiving stolen property for his possession of a chainsaw and weedeater belonging to another person.  After Carpenter pleaded guilty to the charge, the trial court sentenced him to four years of community control sanctions under intensive supervised probation, which included successful completion of six months of intensive residential treatment at the STAR Community Justice Center or other similar community-based correctional facility.  The trial court reserved jurisdiction to sentence him to a term of 11 months in prison should he violate the terms of his community control in the future and granted him 12 days of credit for time served.  Carpenter was already serving a term of community control sanctions in Lawrence County C.P. Case No. 05-CR-027, in which he was convicted of two counts of complicity to burglary and one count of breaking and entering.  On November 5, 2009, the trial court ordered Carpenter to report to the county jail on November 7, 2009, to be transported to the STAR Community Justice Center on November 10.

{¶4}    In April 2010, the STAR Community Justice Center discharged Carpenter without successfully completing the program based on his negative behavior, disrespect, and failure to progress in the program.  The state filed a motion to revoke his community control, and Carpenter admitted his violation. The trial court ordered him to serve a sentence of 30 days in jail and again reserved a term of incarceration of 11 months, subject to the 30-day credit. The court also gave him eight days of credit for

time served. The trial court ordered the continuation of his community control sanctions upon the completion of his 30-day jail sentence.

{¶5} In March 2011, Carpenter tested positive for drugs and he admitted violating his community control in both underlying criminal cases. In Case No. 09-CR-216, the trial court sentenced Carpenter to an additional year of community control sanctions and intensive supervised probation, and readvised him that it was reserving jurisdiction to sentence him to serve a prison term of 11 months should he violate the terms of his community control in the future. He was also given eight days credit for time served. The court ordered sanctions to be served concurrently with the sentence imposed against him in Case No. 05-CR-27.

{¶6} In August 2012, Carpenter violated his community control a third time by failing to report to the Bureau of Community Corrections as directed. He also violated his community control by being found guilty of obstructing official business and receiving stolen property, and being indicted for breaking and entering. The state filed a motion to revoke his community control in both previous criminal cases.

{¶7} Once again Carpenter, pleaded guilty to violating his community control in both cases. In an entry dated January 9, 2013, the court noted that it had reserved jurisdiction to impose a prison sentence of eleven months in Case No. 09-CR-216 and two years, seven months, and nine days in Case No. 05-CR-027. The court revoked Carpenter's community control and sentenced him to serve a prison term of twelve months to run consecutively with his sentence in Case No. 12-CR-334. In the same entry, the trial court specified that Carpenter would be given credit for 54 days served, plus future days spent in custody while awaiting transportation to prison.

{¶8}    Instead of timely appealing the judgment, Carpenter filed pro se motions for jail-time credit and clarification of jail-time credit in October, November, and December 2013.  Then in late February 2014, Carpenter's counsel filed a motion for recalculation of jail-time credit.  In this motion Carpenter challenged the propriety of the trial court's January 9, 2013 sentencing entry's calculation of jail-time credit.  He claimed that the entry credited him with only 74 days of jail-time credit (54 days from 11/2/12-12/16/12 plus 20 additional days spent in custody awaiting transportation to prison), when he should have received an additional 168 days of jail-time credit, including 113 days spent at the STAR Community Justice Center from 11/10/09-3/3/10 and time spent in jail.  The trial court denied the motion, stating that "[t]his issue had previously been addressed by the Court and the appropriate days have been credited making this motion moot."  This appeal resulted from our granting of Carpenter's motion for leave to file a delayed appeal from the denial of his February 2014 motion.

## II. ASSIGNMENT OF ERROR

{¶9}    Carpenter assigns the following error for our review:

The trial court committed reversible error when it declined to correct Mr. Carpenter's jail-time credit to reflect the number of days of confinement that Mr. Carpenter is entitled to have credited towards his sentence, denying him a substantial right under Ohio law and equal protection of the law under the Fifth and Fourteenth Amendments to the U.S. Constitution, and Section 2, Article I of the Ohio Constitution.

## III. STANDARD OF REVIEW

{¶10}   " 'A trial court must make a factual determination of the number of days credit to which a prisoner is entitled by law. See Ohio Adm.Code 5120–2–04(B). Therefore, we must uphold the trial court[']s findings of fact if the record contains competent, credible evidence to support them.' " *State v. Primack*, 4th Dist. Wash. No.

13CA23, 2014-Ohio-1771, ¶ 5, quoting *State v. Elkins*, 4th Dist. Hocking No. 07CA1, 2008–Ohio–674, ¶ 20.  To determine whether the trial court correctly relied on res judicata to resolve the jail-time credit issue, we apply a de novo standard of review to this question of law. *State v. Tolliver*, 4th Dist. Athens No. 12CA36, 2013-Ohio-3861, ¶ 12.

## II. LAW AND ANALYSIS

{¶11}  In his sole assignment of error Carpenter asserts that the trial court erred in denying his motion for recalculation of jail-time credit.  He claimed to have filed his motion pursuant to R.C. 2929.19(B)(2)(g)(i), which requires the sentencing court to "[d]etermine, notify the offender of, and include in the sentencing entry the number of days that the offender has been confined for any reason arising out of the offense for which the offender is being sentenced and by which the department of rehabilitation and correction must reduce the stated prison term under section 2967.191 of the Revised Code."

{¶12}  The trial court denied the motion because it had already determined the amount of jail-time credit that Carpenter was entitled to in its January 9, 2013 sentencing entry.  "If a party fails to timely appeal a final order, matters that could have been reviewed on appeal become res judicata and cannot be reviewed in related or subsequent proceedings or appeals." *State v. Swayne*, 4th Dist. Adams Nos. 12CA952, 12CA953, and 12CA954, 2013-Ohio-3747, ¶ 24. *See also State v. Bradshaw*, 4th Dist. Lawrence No. 14CA8, 2014-Ohio-3148, ¶ 10; *State v. Quinnie*, 8th Dist. Cuyahoga No. 100317, 2014-Ohio-1435, ¶ 16 (res judicata barred appellant from raising jail-time credit claim in postconviction motion because he could have but did not raise the issue in his

direct appeal); *State v. Spillan*, 10th Dist. Franklin Nos. 06AP-50, 06AP-51, 06AP-52, and 06AP-750, 2006-Ohio-4788, ¶ 12 ("res judicata bars appellant from raising the jail-time credit issue through the jail-time credit motions and subsequent appeal of such motions, given that appellant, represented by counsel, could have raised the issue on direct appeal"); *State v. Williams*, 3d Dist. Allen No. 1-03-02, 2003-Ohio-2576, ¶ 10 (res judicata barred appellant from raising claim for additional jail-time credit in postconviction motion when he could have raised it in an appeal from his original sentence).

{¶13} Carpenter could have raised his claims for additional jail-time credit in a timely appeal from the trial court's January 9, 2013 sentencing entry. At that time he was represented by counsel. He also could have raised many of his claims for additional jail-time credit, including his claim for 113 additional days of credit for the time he spent in the STAR Community Justice Center from November 10, 2009 to March 3, 2010, in a timely appeal from the trial court's April 2010 and April 2011 sentencing entries on his prior violations of community control. But he did not despite being represented by counsel during both proceedings.

{¶14} Moreover, Carpenter does not suggest that the trial court committed a mere mathematical mistake or clerical error, which would not be barred by res judicata; rather he seeks a legal determination of his entitlement to periods of time he claims he was confined on the pertinent charges. The trial court's entry also indicates that its decision that Carpenter was only entitled to the specified amount of jail-time credit was the product of its legal determination and not a mere mathematical or clerical mistake. *See Bradshaw*, 4th Dist. No. 14CA8, 2014-Ohio-3148, ¶ 11; *State v. Smiley*, 10th Dist.

Franklin No. 11AP-266, 2012-Ohio-4126, ¶ 12 ("Appellant did not challenge the issue of jail-time credit by way of direct appeal, and because his motion for jail-time credit involves a substantive claim, and not merely clerical error, we agree with the state that his motion is barred under the doctrine of res judicata"); *State v. Roberts*, 10th Dist. Franklin No. 10AP-729, 2011-Ohio-1760, ¶ 11 (res judicata barred motion for jail-time credit because appellant's claim "requires a legal determination, rather than the correction of a mathematical error" when he "is claiming jail-time credit is due for a category of time, not simply the correction of the number of days within that category").

{¶15} Carpenter points to the seemingly expansive language in R.C. 2929.19(B)(2)(g)(iii) to argue it precludes courts from applying res judicata to bar postsentence motions for jail-time credit even when these claims could have been raised by timely appeal from the sentencing judgment. R.C. 2929.19(B)(2)(g)(iii) states "[t]he sentencing court retains continuing jurisdiction to correct any error not previously raised at sentencing in making a determination under division (B)(2)(g)(i) of this section. The offender may, at any time after sentencing, file a motion in the sentencing court to correct any error made in making a determination under division (B)(2)(g)(i) of this section, and the court may in its discretion grant or deny that motion."

{¶16} However, in *State v. Verdi*, 6th Dist. Erie No. E-13-025, 2013-Ohio-5630, ¶ 14-15, the Sixth District Court of Appeals recently rejected a similar claim:

> Referencing R.C. 2929.19(B)(2)(g)(iii), appellant contends that the General Assembly intended to create a "statutory exception to the doctrine of res judicata as applied to custody credit determinations." However, appellant's argument overlooks several cases decided by appellate courts in this state since the effective date of the amendment, all of which maintain that "[a] post-sentencing motion for jail-time credit may only be used to address a purported mathematical mistake by the trial court, rather than * * * an erroneous legal determination." *State v. Doyle*, 10th

Dist. Franklin Nos. 12AP–567, 12AP–794, 12AP–568, 12AP–793, 2013–Ohio–3262, ¶ 10, citing *State v. Roberts*, 10th Dist. Franklin No. 10AP–729, 2011–Ohio–1760, ¶ 6; *see also State v. Summerall*, 10th Dist. Franklin No. 12AP–445, 2012–Ohio–6234, ¶ 11 (applying res judicata to bar appellant's motion where appellant "failed to challenge the trial court's award of jail-time credit at sentencing or on a direct appeal from his conviction" and "did not allege that the trial court committed any mathematical error in the calculation of jail-time credit so as to avoid the res judicata bar"); *State v. McKinney*, 7th Dist. Mahoning No. 12 MA 163, 2013–Ohio–4357 (stating that appellant's failure to raise his "purely legal argument" concerning jail-time credit on a direct appeal precluded him from raising it in a subsequent appeal under the doctrine of res judicata); *State v. Perry*, 7th Dist. Mahoning No. 12 MA 177, 2013–Ohio–4370, ¶ 12 (finding that appellant's substantive claim for jail-time credit was barred by res judicata where he failed to raise it on a direct appeal, noting that "[t]his is the view across the state"); *State v. Britton*, 3d Dist. Defiance Nos. 4–12–13, 4–12–14, 4–12–15, 2013–Ohio–1008, ¶ 14 (limiting the use of a motion for correction of jail-time credit to situations where the trial court made a mathematical mistake).

In light of the foregoing, we conclude that principles of res judicata bar appellant's claim for additional jail-time credit. Accordingly, appellant's first assignment of error is not well-taken.

**{¶17}** We agree with the holding in *Verdi*. Notably, the Supreme Court of Ohio did not accept jurisdiction for a review of the appellate court's decision in *Verdi*. *State v. Verdi*, 138 Ohio St.3d 1495, 2014-Ohio-2021, 8 N.E.3d 964.

**{¶18}** Carpenter also points to a recent procedural decision from this court in which we held that an entry denying a postsentence motion for jail-time credit is a final appealable order because it is made in a special proceeding and affects a substantial right. *State v. Earles*, 4th Dist. Ross No. 13CA3415 (Mar. 27, 2014). In so holding, we relied in part on the 2012 amendment to R.C. 2929.19(B)(2)(g)(iii) conferring continuing jurisdiction on sentencing courts to "correct any error not previously raised at sentencing" in imposing jail-time credit. *Earles* is distinguishable because that case did not involve the issue raised here, i.e. whether res judicata precludes a substantive-as

opposed to a mathematical-claim of error in the calculation of jail-time credit. And the only court to have directly considered this issue - the court of appeals in *Verdi* - answered this question in the affirmative. Notably, the Supreme Court declined to review that holding. Therefore, *Earles* does not require a contrary result.

### V. CONCLUSION

**{¶19}** The trial court did not err in denying Carpenter's motion to recalculate his jail-time credit based on the rationale that it had already decided the matter in its sentencing entry. Res judicata barred him from raising claims in his postsentence motions that he could have raised in timely appeals from his sentencing entries. In so holding, we need not address the state's argument that the jail-time credit imposed was part of a plea agreement, which the court had approved. We overrule Carpenter's assignment of error.

JUDGMENT AFFIRMED.

## **JUDGMENT ENTRY**

It is ordered that the JUDGMENT IS AFFIRMED and that Appellant shall pay the costs.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Lawrence County Court of Common Pleas to carry this judgment into execution.

<u>IF</u> A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted.  The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio.  Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, P.J. & McFarland, J.:  Concur in Judgment and Opinion.

For the Court

BY: _____
        William H. Harsha, Judge

### NOTICE TO COUNSEL

**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**