[Cite as *State v. Edwards*, 2015-Ohio-3039.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
ROSS COUNTY

STATE OF OHIO,                          :

    Plaintiff-Appellee,                 :       Case No.   14CA3474

    vs.                                 :

RICHARD D. EDWARDS,                     :       <u>DECISION AND JUDGMENT ENTRY</u>

    Defendant-Appellant.                :

_____

<u>APPEARANCES:</u>

Richard Edwards, Orient, Ohio, Pro Se

Matthew S. Schmidt, Ross County Prosecuting Attorney, and Pamela C. Wells, Ross County
Assistant Prosecuting Attorney, Chillicothe, Ohio, for appellee.

CRIMINAL APPEAL FRO COMMON PLEAS COURT
DATE JOURNALIZED: 7-15-15
ABELE, J.

{¶ 1}  This is an appeal from a Ross County Common Pleas Court judgment that denied a

petition for postconviction relief filed by Richard D. Edwards, defendant below and appellant

herein.   Appellant assigns the following errors for review:

> FIRST ASSIGNMENT OF ERROR:
>
> "DID THE TRIAL COURT VIOLATE THE
> DEFENDANT/APPELLANT'S CONSTITUTIONAL RIGHTS
> THROUGH THE FIALURE [sic] TO CHARGE THE
> CONSOECUTOIVE [sic] SENTENCES IT METED OUT,
> WITHOUT GIVING CONSIDERATION TO A SUPREME
> COURT RULING DIRECTLY AFFECTED THE
> DEFENDANT/APPELLANT'S CONSITITUIONAL [sic] RIGHT

TO HAVE A JURY DETERMINE FACTS THAT WOULD
ALLOW THE TRIAL COURT TO IMPOSE CONSECUTIVE
SENTENCES."

SECOND ASSIGNMENT OF ERROR:

"THE DEFENDANT APPELLANT WAS DENIED HIS
CONSTITUTIONAL RIGHT TO HAVE EFFECTIVE
ASSISTANCE OF COUNSEL WHERE COUNSEL FAILED TO
CALL AND EXAMINE A PLETHORA OF KEY WITTNESSES
[sic] WHO WOULD HAVE DISPROVED THE STATE'S
CONTENTIONS THAT HE WAS VIOLATING THE STATUTES
OF THE STATE OF OHIO BY COOKING
METHAMPHETAMINES."

THIRD ASSIGNMENT OF ERROR:

"THE DEFENDANT APPELLANT WAS DENIED HIS
CONSTITUTIONAL RIGHT TO HAVE EFFECTIVE
ASSISTANCE OF COUNSEL WHERE COUNSEL FAILED TO
CALL WITTNESSES [sic] AND PROVIDE MITIGATING
EVIDENCE PRIOR TO SENTENCING."

{¶ 2} On June 1, 2012, the Ross County Grand Jury returned an indictment in Case No. 12CR140 that charged appellant with (1) tampering with evidence in violation of R.C. 2921.12; and (2) two counts of aggravated possession of drugs in violation of R.C. 2925.11. On August 3, 2012, the Ross County Grand Jury returned an indictment in Case No. 12CR374 that charged appellant with the (1) illegal possession of materials for the manufacture of drugs in violation of R.C. 2925.041; (2) illegal manufacture of drugs in violation of R.C. 2925.04; and (3) aggravated possession of drugs in violation of R.C. 2925.11. Appellant pled not guilty to all charges.

{¶ 3} These matters came on for trial in October 2013. The jury ultimately found appellant guilty of all charges. In Case No. 12CR140, the trial court sentenced appellant to serve two years in prison for tampering with evidence and ten months on each count for the aggravated

possession of drugs, with the terms to be served consecutively to one another.   In Case No. 12CR374, the trial court found that counts one and two are allied offenses of similar import, as are counts two and three.   The appellee elected to have appellant sentenced on Count II (illegal manufacture of drugs) and the court ordered appellant to serve a seven year prison term ordered to be served consecutively to the sentences imposed in Case No. 12CR140 for a total prison sentence of nine years.

**{¶ 4}**   No immediate appeal was taken from those judgments.   However, on February 20, 2014 we granted a motion to file delayed appeal in each case. On May 11, 2015, this Court filed a Decision and Judgment Entry that affirmed (in part) and reversed (in part) the judgment of conviction and sentence.   *State v. Edwards*, 4th Dist. Ross Nos. 14CA3424 & 14CA3425, 2015-Ohio-2140 (*Edwards I*).   Although we concluded that the trial court correctly denied appellant's Crim.R. 29 motion for judgment of acquittal, we agreed with appellant that the court did not follow the proper statutory criteria to impose consecutive sentences.   Thus, we remanded the case for re-sentencing. Id. at ¶¶ 15, 20-21.

**{¶ 5}**   Prior to *Edwards I*, however, appellant commenced the instant action and filed petitions for postconviction relief in each of the two consolidated criminal cases.   It appears that the gist of appellant's argument is that (1) he received ineffective assistance of trial counsel because said counsel did not call witnesses on his behalf, or ask appropriate questions of the witnesses that were called, and (2) the imposition of consecutive sentences violated Ohio law. The appellee filed its memorandum contra and, on December 12, 2014, the trial court denied both petitions.   The matter is now before us for review.

I

{¶ 6} Several procedural principles should be noted at the outset of our analysis. First, this is not a first appeal of right, as was *Edwards I*. Rather, the case sub judice is an appeal from the denial of a R.C. 2953.21 petition for postconviction relief. This is important because the only issue that can now be raised in this current appeal is whether the trial court erred by denying appellant's petition for such relief. *State v. Garrett*, 4th Dist. Gallia No. 13CA13, 2014-Ohio-3462, at ¶5. However, no such assignment of error is posited in appellant's brief.

{¶ 7} Second, the only assignments of error appellant raises in this appeal concern alleged improprieties committed by the trial court or counsel, before the original judgment of conviction and sentence. Generally, these issues should have been raised in a first appeal of right. To the extent they were not raised in *Edwards I*, they cannot be considered for the first time here on an appeal from denial of a petition for postconviction relief. The doctrine of res judicata bars appellant from raising an issue on postconviction relief that could have, and should have, been raised in a first appeal of right. See *State v. Bender*, 4th Dist. Gallia Nos. 14CA6 & 14CA7, 2015-Ohio-1927, at ¶17; *State v. Kelly*, 4th Dist. Scioto No. 14CA3637, 2014-Ohio-5840, at ¶17; *State v. Carpenter*, 4th Dist. Lawrence No. 14CA1, 2014-Ohio-5698, at ¶12.

{¶ 8} Finally, it is important to remember that a R.C. 2953.21 petition for postconviction relief is not a panacea for every perceived ill endured at the trial court level. A petition for postconviction relief exists to address constitutional problems. Id. at (A)(1)(a); also see generally *State v. Jones*, 7th Dist. Mahoning No. 14MA6, 2015-Ohio-1707, at ¶44; *State v. Osco*, 11th Dist. Portage No. 2014–P–9, 2015-Ohio-44, at ¶20. Appellant and many pro se criminal litigants fail to understand that not every alleged error committed at the trial level rises to the level of a constitutional error. Many procedural errors and non-constitutional substantive errors are not

reviewable under R.C. 2953.21.

II

**{¶ 9}**   We jointly consider appellant's assignments of error because all can be resolved on the basis of the foregoing principles.   The Ohio Supreme Court has repeatedly held that an issue cannot be raised in a petition for postconviction relief if the petitioner could have raised it during a first appeal of right. See *State v. Jackson*, 141 Ohio St.3d 171, 2014-Ohio-3707, 23 N.E.3d 1023, at ¶92;   *Lynch v. Wilson*, 114 Ohio St.3d 118, 2007-Ohio- 3254, 868 N.E.2d 982 at ¶¶3&5; *State v. Perry*, 10 Ohio St.2d 175, 226 N.E.2d 104 (1967), at paragraph nine of the syllabus. Here, appellant's three assignments of error could have been raised in *Edwards I*.   Indeed, he actually did raise the sentencing issue in *Edwards I*.   We also agreed with him and reversed his sentence on the basis of his argument.   2015-Ohio-2140, at ¶20.   However, appellant's claim of ineffective assistance of counsel could also have been raised at that time.   It was not and.   Thus, this issue is barred from being raised here.

**{¶ 10}** In short, appellant's first assignment of error is hereby overruled as moot in view of our decision in *Edwards I*.   Moreover, appellant's second and third assignments of error are hereby overruled because they are not properly before us at this time and, furthermore, claims of ineffective assistance of trial counsel are barred from being raised on postconviction relief by the doctrine of res judicata.   Accordingly, for these reasons, we find no error in the trial court's ruling and hereby affirm its judgment.

JUDGMENT AFFIRMED.

## JUDGMENT ENTRY

It is ordered that the trial court's judgment be affirmed and appellee recover of appellant costs herein taxed.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Ross County Common Pleas Court to carry this judgment into execution.

A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Harsha, J. & McFarland, A.J.: Concur in Judgment & Opinion
                                            For the Court


BY:_____
Peter B. Abele, Judge

## NOTICE TO COUNSEL

Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.