[Cite as *State v. Bailey*, 2016-Ohio-7249.]

IN THE COURT OF APPEALS OF OHIO
FOURTH APPELLATE DISTRICT
HIGHLAND COUNTY

STATE OF OHIO,                  :

                                 :         Case No. 16CA1

      Plaintiff-Appellee,        :

                                   :

      vs.                             :        <u>DECISION AND JUDGMENT</u>
                                   :        <u>ENTRY</u>

DAVID BAILEY,               :

                                   :

      Defendant-Appellant.     :        **Released: 09/29/16**

<u>APPEARANCES</u>:

David Bailey, Chillicothe, Ohio, Pro Se Appellant.

Anneka P. Collins, Highland County Prosecutor, Hillsboro, Ohio, for Appellee.

McFarland, J.

{¶1} David Bailey appeals the January 4, 2016 entry of the Highland County Court of Common Pleas which denied his motion for jail time credit. Appellant seeks jail time credit against his sentence of eight years mandatory incarceration after a jury found him guilty of four counts of child endangering. On appeal, Bailey asserts that in failing to grant his motion, the trial court abused its discretion and acted contrary to law, which denied him due process and equal protection of the law in violation of the 5th, 8th, and 14th Amendments to the United States Constitution. Having reviewed the record, we find no merit to Appellant's

argument.  As such, we overrule the sole assignment of error and affirm the judgment of the trial court.

FACTUAL AND PROCEDURAL BACKGROUND

{¶2} On September 30, 2010, Appellant was arrested for felonious assault of his girlfriend, Casey Scarberry.  Appellant was lodged in the Highland County Justice Center on a $100,000.00 bond.  On October 4, 2010, Appellant was charged with four counts of endangering children and one count of illegal manufacture of drugs.  He was again given a $100,000.00 bond on each of the new counts.  On October 14, 2010, he waived his right to a preliminary hearing on all charges and the cases were bound over to the Highland County Grand Jury.

{¶3} On November 2, 2010, the Grand Jury indicted Appellant for felonious assault in Highland County Case Number 10CR236.  Also on that date, by separate indictment, he was indicted for the illegal manufacture and child endangering counts.[1]  That case was assigned Highland County Case Number 10CR221.

{¶4} On January 10, 2011, Appellant pleaded guilty to a reduced charge of misdemeanor assault in the felonious assault case, 10CR236.  He was sentenced to 180 days of jail incarceration.  He was also given jail time credit which began on October 1, 2010.

---

[1] Casey Scarberry was Appellant's co-defendant in the illegal manufacture and child endangering cases.

{¶5} On February 10, 2011, Appellant proceeded to trial on the illegal manufacture and child endangering counts. The jury returned verdicts of guilty on all child endangering counts. Appellant was acquitted of the illegal manufacture count. Appellant's convictions for child endangering were affirmed by this Court in *State v. Bailey,* 4th Dist. Highland No. 11CA7, 2011-Ohio-6526.

{¶6} On March 19, 2015, Appellant filed a motion for resentencing based on void judgment in Case Number 10CR221, the child endangering cases. On May 14, 2015, the trial court overruled his motion for resentencing. On December 28, 2015, Appellant filed a request for additional jail time credit in the child endangering cases. On January 4, 2016, the trial court denied Appellant's motion for jail time credit. In its decision, the trial court found that Appellant's argument was barred by res judicata. The trial court also found:

> "Further, the evidence Attached to this entry and incorporated herein by reference is a notice from the Highland County Sheriff's Department indicating that the Defendant was not entitled to any jail time credit because he was serving time for another case and all time that he was serving was credited to that misdemeanor conviction. Thus, he is not entitled to have that time credited to this sentence."

{¶7} This appeal followed.

ASSIGNMENT OF ERROR

"I. THE TRIAL COURT ABUSED IT'S (SIC) DISCRETION AND DENIED THE APPELLANT DUE PROCESS, AND EQUAL PROTECTION OF THE LAW WHEN IT FAILED TO GRANT APPELLANT HIS JAIL TIME CREDIT IN VIOLATION OF THE

5TH, 8TH, AND 14TH AMENDMENTS TO THE UNITED
STATES CONSTITUTIONS (SIC)."

## STANDARD OF REVIEW

{¶8} R.C. 2953.08(G)(2) specifies that an appellate court may increase, reduce, modify, or vacate and remand a challenged felony sentence if the court clearly and convincingly finds either that "the record does not support the sentencing court's findings" under the specified statutory provisions or "the sentence is otherwise contrary to law." *State v. Pulliam,* 4th Dist. Scioto No. 14CA3609, 2015-Ohio-759, ¶ 5; *State v. Copas,* 2015-Ohio-5362, 49 N.E.3d 755 (4th Dist.), ¶ 11.

## LEGAL ANALYSIS

{¶9} Appellant argues that after he was charged with child endangering, he was given no jail time credit upon sentencing for the child endangering charges, and that he is entitled to an additional 126 days of jail time credit under the circumstances of his case.[2]  R.C. 2967.191 provides:

> "The department of rehabilitation and correction shall reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial, confinement for examination to determine the prisoner's competence to stand trial or sanity, confinement while awaiting transportation to the place where the prisoner is to serve the prisoner's prison term * * *."

[2] By our calculation, the period of Appellant's confinement at the Highland County Justice Center beginning October 1, 2010 and January 10, 2011, the day he pled to the misdemeanor assault, is 102 days. The period of time between October 1, 2010 and February 10, 2011, when he was sentenced on the felony convictions, is 133 days.

{¶10} Appellant did not raise this argument in his direct appeal in 2011.  We begin by addressing a procedural issue which relates to the trial court's finding that Appellant's argument is barred by the doctrine of res judicata.  In *State v. Copas, supra*, this Court recently discussed the doctrine of res judicata as applied to the issue of jail time credit.  We observed:

> "R.C. 2929.19(B)(2)(g)(iii) provides, inter alia, a 'sentencing court retains continuing jurisdiction to correct any error not previously raised at sentencing in making a determination [of the appropriate jail-time credit] * * * The offender may, at any time after sentencing, file a motion in the sentencing court to correct any error made in making a determination[.]' (Emphasis added.) *Copas, supra,* at ¶ 11.  In several recent cases, this Court held that this statute applies only to correct 'mathematical errors,' rather than to correct alleged legal errors. See e.g. *State v. Bender,* 4th Dist. Gallia Nos. 14CA6, 14CA7, 2015-Ohio-1927, at ¶¶ 8-9; also see *State v. Carpenter,* 4th Dist. Lawrence No. 14CA13, 2014-Ohio-5698, ¶¶ 15-16."

{¶11} However, in *Copas,* we cited *State v. Quarterman,* 8th Dist. Cuyahoga No. 101064, 2014-Ohio-5796, at ¶ 8, wherein the Eighth District held:

> "Amended R.C. 2929.19(B)(2)(g)(iii) marks a significant change in the law regarding jail-time credit. Previously, inmates could only challenge errors in jail-time credit on direct appeal unless the error consisted of a mathematical mistake in calculation rather than an erroneous legal determination. See e.g. *State v. Robinson,* 4th Dist. Scioto No. 00 CA 2698,  2000 WL 1617952 (Oct. 23, 2000). R.C. 2929.19(B)(2)(g)(iii) now allows the court to correct "any error," regardless of whether the error involved a mathematical miscalculation or an erroneous legal determination * * *."

{¶12} In *Copas,* at ¶ 12, we pointed out that Subpart (iii) is of relatively recent vintage, and added to R.C. 2929.19(B)(2)(g) by Am. Sub. S.B. 3, see 2012

Ohio Laws File 131, effective on September 28, 2012. We observed, as the Eighth

and Tenth Districts have pointed out, the dichotomy between "mathematical" and

"legal" errors pre-existed the enactment of R.C. 2929.19(B)(2)(g)(iii). We also

expressed doubt that the legislature would have enacted this part of Am. Sub. S.B.

3 with an intent to keep the law the same. Finally, we noted Subpart (iii) of the

statute permits a defendant to file a motion to correct "any error" in his jail time

credit determination. "This Court has held that the word 'any' means 'all.' "

*Copas, supra*; *Cales v. Armstrong World Industries, Inc.,* 4th Dist. Scioto No.

02CA2851, 2003-Ohio-1776, at ¶ 17, fn. 8. Thus, we reasoned if a trial court has

continuing jurisdiction to consider "any" and "all" errors, it must have continuing

jurisdiction to consider both mathematical and legal errors. *Copas, supra.* We

concluded at ¶ 13:

> "For these reasons, and after enactment of Am. Sub. S.B. 3, we
> conclude that *Bender* and *Carpenter* were erroneously decided with
> respect to the issue of whether res judicata continues to apply to
> motions to re-determine jail time credit. Therefore, we overrule those
> cases and now turn to the merits of appellant's first assignment of
> error."

{¶13} Appellant, as did Copas, makes an equal protection argument and

relies on *State v. Fugate,* 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440. In

*Fugate,* the Supreme Court of Ohio held at the syllabus that if "a defendant is

sentenced to concurrent prison terms for multiple charges, jail time credit pursuant

to R.C. 2967.191 must be applied toward each concurrent prison term." In *Copas,*

at ¶ 19, we observed the Supreme Court's explanation of the underlying principle

behind *Fugate*:

> "The practice of awarding jail-time credit, although now covered by state statute, has its roots in the Equal Protection Clauses of the Ohio and United States Constitutions. Recognizing that the Equal Protection Clause does not tolerate disparate treatment of defendants based solely on their economic status, the United States Supreme Court has repeatedly struck down defendants based solely on their inability to pay fines and fees. See *Griffin v. Illinois* (1956), 351 U.S. 12, 76 S.Ct. 585, (a state cannot deny appellate review to defendants unable to afford a transcript); *Williams v. Illinois* (1970), 399 U.S. 235, 90 S.Ct. 2018, (a state may not imprison a defendant beyond the statutory maximum based solely on his inability to pay a fine); *Tate v. Short* (1971), 401 U.S. 395, 91 S.Ct. 668, (a state may not impose a fine as a sentence dand [sic ] then automatically convert it to jail time based upon the defendant's inability to immediately pay the fine). Relying on the principle set forth in such cases, courts have held that defendants who are unable to afford bail must be credited for the time they are confined and awaiting trial. 'The Equal Protection Clause requires that all time spent in any jail prior to trial and commitment by [a prisoner who is] unable to make bail because of indigency must be credited to his sentence.' *Workman v. Cardwell* (N.D.Ohio 1972), 338 F.Supp. 893, 901, vacated in part on other grounds (C.A.6, 1972), 471 F.2d 909. See also *White v. Gilligan* (S.D.Ohio 1972), 351 F.Supp. 1012." [117 Ohio St.3d 261,] 2008-Ohio-856 [883 N.E.2d 440], at ¶ 7."

> * * *

> "The Ohio Supreme Court further stated that this 'principle is codified in Ohio at R.C. 2967.191, which states that "[t]he department of rehabilitation and correction shall reduce the stated prison term of a prisoner * * * by the total number of days that the prisoner was confined for any reason arising out of the offense for which the prisoner was convicted and sentenced, including confinement in lieu of bail while awaiting trial [.]' (Emphasis added.) 117 Ohio St.3d 261, 2008-Ohio-856, 883 N.E.2d 440, at ¶ 8."

{¶14} In *Copas,* we emphasized that appellant was not held in jail on new charges for which he was unable to make bond.  Thus, we found no Equal Protection violation and declined to extend *Fugate* beyond the pertinent facts in that case.  We concluded by pointing out that *Fugate* does not negate the proposition that R.C. 2967.191 does not entitle a defendant to jail credit for incarceration on *unrelated offenses.* (Emphasis added.) *Copas, supra,* at ¶ 20. *See State v. Primack,* 4th Dist. Washington No. 13CA23, 2014-Ohio-1771, at ¶¶ 1 & 11; *State v. Lowe,* 8th Dist. Cuyahoga No. 99176, 2013-Ohio-3913, at ¶ 29; *State v. Bainter,* 6th Dist. Ottawa No. OT-08-002, 2009-Ohio-510, at ¶¶ 9-10.  More recently, in *State v. Breneman,* the Second Appellate District reiterated this principle and pointed out:

> "Neither *Fugate* nor [] involved whether the defendant was entitled to jail time credit for time that the defendant spent serving a sentence in another case. We have consistently held that jail time credit is not appropriate where the defendant was serving a sentence for a separate offense. See, e.g., *State v. Spears,* 2nd Dist. Montgomery No. 25645, 2014-Ohio-146, ¶ 2 ("Jail time credit is not permitted under R.C. 2967.191 where the defendant was serving time for a separate offense."); *State v. Angi,* 2nd Dist. Greene No. 2011 CA 72, 2012-Ohio-3840; *State v. Rios,* 2nd Dist. Clark No. 10 CA 59, 2011-Ohio-4720."

{¶15} In the case sub judice, we find Appellant is not entitled to jail time credit in his felony cases which was credited to his unrelated assault charge,

Highland County Case Number 10CR236.[3]  Appellant filed the motion for jail time

credit in the felony child endangering cases, Case Number 10CR221.  The trial

court overruled his motion in the appealed-from entry in Case Number 10CR221.

In its ruling, the trial court referenced a document from the Highland County

Sheriff's Department which verified the jail time credit Appellant received was

applied to the misdemeanor assault case.  We also take judicial notice of the entries

in both the assault and child endangering cases, posted on the Highland County

Common Pleas Court website, eaccess.hccpc.org/eservices/home.page.3.[4]  The

entries reveal that Appellant received jail time credit beginning on October 1, 2010

in the assault case, but received no jail time credit in the child endangering cases.

{¶16} For the foregoing reasons, Appellant's argument that he is entitled to

jail time credit on his felony convictions is without merit.  We hereby overrule his

assignment of error and affirm the judgment of the trial court.

**JUDGMENT AFFIRMED.**

---

[3] The record verifies that the assault count is unrelated to the child endangering counts.  The child endangering counts arose from events which occurred on September 24, 2010 on East Pleasant Street in the City of Hillsboro. The felonious assault charge occurred on or about September 30, 2010 on Cody Road in Highland County.

[4] Both a trial court and an appellate court can take notice of judicial opinions and public records accessible from the internet. *In re Helfrich*, 5th Dist. Licking No. 13CA20, 2014-Ohio-1933.

Harsha, J., concurring:

{¶17} I acknowledge that *Copas, supra* is now the controlling and correct precedent on this issue in our district. Therefore, I concur in this court's judgment and opinion.

## JUDGMENT ENTRY

It is ordered that the JUDGMENT BE AFFIRMED and costs be assessed to Appellant.

The Court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this Court directing the Highland County Common Pleas Court to carry this judgment into execution.

IF A STAY OF EXECUTION OF SENTENCE AND RELEASE UPON BAIL HAS BEEN PREVIOUSLY GRANTED BY THE TRIAL COURT OR THIS COURT, it is temporarily continued for a period not to exceed sixty days upon the bail previously posted. The purpose of a continued stay is to allow Appellant to file with the Supreme Court of Ohio an application for a stay during the pendency of proceedings in that court. If a stay is continued by this entry, it will terminate at the earlier of the expiration of the sixty day period, or the failure of the Appellant to file a notice of appeal with the Supreme Court of Ohio in the forty-five day appeal period pursuant to Rule II, Sec. 2 of the Rules of Practice of the Supreme Court of Ohio. Additionally, if the Supreme Court of Ohio dismisses the appeal prior to expiration of sixty days, the stay will terminate as of the date of such dismissal.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

Abele, J.:     Concurs in Judgment and Opinion.
Harsha, J.:   Concurs with Concurring Opinion.

For the Court,


BY:   _____
       Matthew W. McFarland, Judge


### NOTICE TO COUNSEL
**Pursuant to Local Rule No. 14, this document constitutes a final judgment entry and the time period for further appeal commences from the date of filing with the clerk.**